[No. 13456.    Department One. — May 26, 1891.]

MORRIS BROWN, APPELLANT, *v.* H. W. CLARK ET AL., RESPONDENTS.

ADVERSE POSSESSION — PAYMENT OF TAXES — CONSTRUCTION OF CODE. — Under section 325 of the Code of Civil Procedure, which provides that a title to land may be acquired by adverse possession if the claimant of the title has "occupied and claimed it for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county, or municipal, which have been levied or assessed upon such land," the taxes to be paid by the claimant of title are the taxes which are assessed and levied and become a burden on the land during the time of his continuous occupation and claim under adverse right, and do not include any taxes previously assessed and paid by the owner.

ID. — FISCAL YEAR — COMMENCEMENT OF ADVERSE POSSESSION. — The commencement of adverse possession is not required to coincide with the beginning or end of a fiscal year, and the payment by the owner of taxes which were levied, assessed, and paid during the calendar year preceding the adverse occupation will not postpone the running of adverse possession until the end of the fiscal year.

ID. — PAYMENT OF TAXES BY MORTGAGEE. — The payment of taxes by a mortgagee of the adverse claimant is a payment for and by the adverse claimant, and is a satisfaction of the conditions of the statute as to the payment of the taxes, for the purpose of adverse possession.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

The cross-complaint being first tried under our practice (*Fish* v. *Benson*, 71 Cal. 434), the burden was on defend-

ant Clark to make out his case by adverse possession, which included, besides possession, the payment of taxes by himself, predecessors, or grantors (Code Civ. Proc., sec. 325) for five consecutive years. (*Farris* v. *Merritt*, 63 Cal. 119; *Wright* v. *Ward*, 65 Cal. 525; *Figg* v. *Mayo*, 39 Cal. 262; *Garwood* v. *Hastings*, 38 Cal. 223.) Possession (coupled with payment of taxes for same time) must be continuous for five years, to be available. (*Unger* v. *Mooney*, 63 Cal. 586; 49 Am. Rep. 100.) If the continuity of adverse possession is broken, protection of the statute is lost as to all adverse prior possession. (Gear's Index-Digest, 520; *City of San José* v. *Trimble*, 41 Cal. 543; *Lovell* v. *Frost*, 44 Cal. 474; *Abbey Homestead* v. *Willard*, 48 Cal. 618; *Unger* v. *Mooney*, 63 Cal. 595; 49 Am. Rep. 100; 3 Washburn on Real Property, 3d ed., p. 127; *Hollingsworth* v. *Sherman*, 81 Va. 673.) The amendment to section 325 of the Code of Civil Procedure in 1878 was evidently taken from the Illinois statute of 1839 (as it is substantially the same), which has been construed many times by the supreme court of that state, and the decisions there are to the effect that the payment of all taxes during the same period of possession is indispensable (*Peoria, D. & C. R. R. Co.* v. *Forsyth*, 118 Ill. 272; *Iberg* v. *Webb*, 96 Ill. 415), and that a payment of the taxes by a stranger to the claim and color of title does not answer the requirements of the statute. (*McNoble* v. *Justiniano*, 70 Cal. 397; *Jayne* v. *Gregg*, 42 Ill. 415, and cases cited; *Hurlbut* v. *Bradford*, 109 Ill. 400. See *Reynolds* v. *Willard*, 80 Cal. 605.) Payment of taxes is a notice of adverse holding. (Angell on Limitations, secs. 396, 397.) The very day the first payment is made is when or the precise point of time the statute of limitations commences to run, and from that very day there must be full five years, although possession was taken before the day of payment. (*Iberg* v. *Webb*, 96 Ill. 415; *Peoria, D. & C. R. R. Co.* v. *Forsyth*, 118 Ill. 272; *Jayne* v. *Gregg*, 42 Ill. 415; *Fell* v. *Cessford*, 26 Ill. 522, 525.) There is no case to

the contrary in this state. (*Sharp* v. *Blankenship*, 59 Cal. 288; *Webber* v. *Clarke*, 74 Cal. 19; *C. P. R. R. Co.* v. *Shackelford*, 63 Cal. 261; *Johnson* v. *Brown*, 63 Cal. 393; *Heilbron* v. *Heinlen*, 72 Cal. 378; *O'Connor* v. *Fogle*, 63 Cal. 11; *Ross* v. *Evans*, 65 Cal. 439; *Ball* v. *Nichols*, 73 Cal. 195; *Pearson* v. *Creed*, 78 Cal. 145; *Webb* v. *Clark*, 65 Cal. 56; *Coonradt* v. *Hill*, 79 Cal. 591; *Oneto* v. *Restano*, 78 Cal. 375.)

*Otto tum Suden*, for Respondents.

An adverse holding for the five years preceding the 24th of March, 1889, the day on which this action was commenced, satisfies the statute as to the requirement of continuous occupation. (*Marshall* v. *Beysser*, 75 Cal. 545; *City of San José* v. *Trimble*, 41 Cal. 536; *San Francisco* v. *Fulde*, 37 Cal. 349; 99 Am. Dec. 278; *Unger* v. *Mooney*, 63 Cal. 595; 49 Am. Rep. 100; *Cannon* v. *Stockmon*, 36 Cal. 537; 95 Am. Dec. 205.) And the payment of taxes levied and assessed during the same period by the defendant necessarily satisfies the second requirement of the proviso. (See Code Civ. Proc., sec. 325.) Mortgagor and mortgagee are co-owners and co-claimants, and the payment of taxes by the mortgagee is in law payment by the mortgagor, under whom and through whom he holds his estate. (*Hay* v. *Hill*, 65 Cal. 384; *Heilbron* v. *Last Chance etc. Co.*, 75 Cal. 117; *Oneto* v. *Restano*, 78 Cal. 374; Const., art. 13, sec. 3.)

FOOTE, C. — Brown brought an action of ejectment against the defendant Clark and his tenant for the possession of a lot of ground in the city and county of San Francisco. The defendants denied that they had ousted the plaintiff from any portion of the lot described in the complaint, except twelve and one half feet in width by thirty feet in length thereof. And as to this portion they set up, by way of cross-complaint, the right and title to the same in Clark, by virtue of the provisions of sec-

tion 325 of the Code of Civil Procedure, and prayed that his title thereto might be quieted.

Upon the issue tendered by the cross-complaint, and the answer thereto, the court below sustained the contention of the defendants, and held that they were entitled to a judgment for costs, and that the defendant Clark was entitled to a decree quieting his title to the twelve and one half by thirty feet of the lot, which he claimed in his cross-complaint to be the owner thereof by adverse possession under claim of right, etc. From the judgment thereupon rendered, and an order refusing a new trial, the plaintiff. appeals.

The grounds upon which he claims that the court below erred in its findings for the defendants are: That although the evidence shows that for five years before the action was brought the defendant Clark or his tenant was actually and continuously in possession of the land involved here, under a claim of title exclusive of any other right, and had protected the land by a substantial inclosure, and improved the same by building a house thereon, and occupying it by himself or tenant, yet that the evidence did not show that Clark had paid all the taxes levied and assessed upon the land, so as to establish adverse possession, such as is meant by the proviso to section 325 of the Code of Civil Procedure, which reads thus: "Provided, however, that in no case shall adverse possession be considered established under the provision of any section or sections of this code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county, or municipal, which have been levied and assessed upon such land."

If the statute is to be given the construction that the taxes to be paid by the claimant of title, such as is Clark, are taxes which are assessed and levied during the time of his continuous occupation and claim under

adverse right, then the defendant is entitled to the relief he obtained, if it is also to be held that the payment of taxes by his mortgagee is a payment by him.

The action was brought on the 25th of March, 1889. On the 1st of April, 1878, the plaintiff, Brown, was the owner of the land. On that day the defendant Clark entered upon and occupied it under an adverse claim of right, and under such claim and occupation at once inclosed it with a substantial fence. Ever since that date until May 4, 1884, he maintained his actual occupation and possession of it, keeping the same protected by a substantial inclosure. At the date last mentioned he improved the lot by erecting a building on it, and since then his tenant, Quang Teong, has been in the exclusive possession and occupation of the building and lot.

The taxes were paid by the plaintiff, Brown, on the 29th of December, 1883, which had been levied and assessed on the lot on the first Monday of March, 1883.

The lot was assessed some time in 1884 to the mortgagee of Clark, and this mortgagee paid all the taxes, as they became due, which had been assessed against it on the first Monday in March of the years 1884, 1885, 1886, 1887, and the defendant Clark paid all the taxes assessed against the lot on the first Monday of March, 1888, and was in possession up to the day this action was brought, and still is.

The plaintiff contends that as he paid the taxes that were assessed on the first Monday of March, 1883, this was a payment of all taxes due up to and including June 30, 1884, that being the end of the fiscal year (Const., art. 20, sec. 5), and that therefore the defendant cannot claim to have the statute run in his favor until the 1st of July, 1884, which would not be five years prior to the 25th of March, 1889, when this action was commenced.

But these taxes, while they had been levied and assessed before March 25, 1884, did not remain an assessment levied and unpaid on that day, but became a lien

from the first Monday of March, 1883, by virtue of the levy and assessment thereof. (Pol. Code, sec. 3718.)

The duty laid upon the occupant, as it seems to us, is to pay all taxes which have been levied and assessed against the land during his term of continuous occupancy and adverse claim of right for five years. If he does this, he can maintain his possession as against the person who would otherwise be the owner of the land.

The plaintiff paid all the taxes which had been levied and assessed on the land, and which remained a burden upon it, up to the 29th of December, 1883.

When Clark, or his mortgagee, under contract to do so for the mortgagor, paid all the taxes levied and assessed after that during the five years of Clark's continuous occupation and adverse claim, he satisfied the conditions of the statute as to payment of taxes.

This view of the matter is greatly strengthened when we come to consider that the actual continuous possession under claim of right exclusive of any other right for five years was sufficient to establish adverse possession, as against the owner of a paper title, by one not relying upon a written instrument, judgment, or decree, where land claimed and occupied was protected by substantial inclosure, or was cultivated or improved, under sections 324 and 325 of the Code of Civil Procedure, until April 1, 1878, when the proviso was added, making, as we think, as an addition to the necessary element of occupation and continuous claim exclusive of all others, another element, that all taxes should be paid which " have been " levied or assessed on the land; the proviso intending that the one element should accord with the other as to time, and this cannot be done except on the idea we have advanced, viz., that the taxes to be paid are all those assessed or levied during the possession, adverse claim, and occupancy.

As to continuous occupation under adverse claim of right, it is obvious, under the statute, that it must have

existed for five years before the date of bringing the action. That would carry the date of commencement of such necessary possession and occupancy to the 24th of March, 1884.

There is nothing in the statute which computes these five years upon the basis of fiscal years. There is nothing therein which states directly for how many years taxes shall be paid. But it says the taxes to be paid are those which have been assessed on the land.

It would seem reasonable, therefore, to say that the object of the proviso was to make the person claiming by occupancy have annexed to this conditional privilege the further condition that he must pay all the taxes which became a burden on the land by levy and assessment during his occupancy under adverse claim of right.

It would appear to follow that if Clark had an actual and continuous occupation under adverse claim of right for five years prior to the 25th of March, 1889, the day this suit was brought, he satisfied the first condition of the proviso in question, and a reasonable construction of the language thereof must be, that if he satisfied this first condition, he satisfied the next condition, if he paid all the taxes assessed and levied during that occupation; for if this be not so, then the rule by which he occupied, as to length of time, must become different from that which the statute declares to be sufficient as to occupancy; and in the absence of direct statutory direction, such an inference should not be indulged.

Under the constitution of this state, article 13, section 4, the mortgage security is assessed as an interest in the land to the mortgagee, and either party can pay the tax thereon; but if paid by the mortgagor, it is *pro tanto* a payment of his mortgage debt. Thus when the mortgage is executed, it is in view of this provision of the constitution, and a relation springs up between the parties by virtue of which this tax is to be paid by the mortgagee primarily, but really for the mortgagor, and

the tax when thus paid by the mortgagee for the mortgagor by virtue of such relation to do so is a payment for and on account of the mortgagor, and is as if made by him.   Therefore when the mortgagee paid the taxes assessed, there being none other, the mortgagor paid all the taxes assessed and levied on the land.

For these reasons we are of opinion the judgment and order should be affirmed.

FITZGERALD, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.