[No. 18119. Department One. — October 10, 1893.]

## JOSEPH CAVANAUGH, APPELLANT, v. SAMUEL JACKSON, RESPONDENT.

ADVERSE POSSESSION—PAYMENT OF TAXES—ASSESSMENT TO POSSESSOR.—The provision of the statute requiring an adverse possessor of land to "pay all the taxes, state, county, or municipal, which have been levied and assessed upon such lands," during his five years' term of occupation, in order to entitle him to a title by adverse possession, is sufficiently complied with by the occupant having the land assessed to himself each year, and paying the taxes levied thereon.

ID. — DOUBLE ASSESSMENT — PRIORITY OF PAYMENT. — The fact that the owner of the land has also had the land assessed to him during the five years' period, and has paid the taxes levied thereon, does not affect the rights of the adverse possessor, who has continuously paid or tendered the taxes assessed to himself, regardless of the time or priority of payment of taxes by them respectively. [Per GAROUTTE, J., and BEATTY, C. J.  HARRISON, J., contra.]

APPEAL from a judgment of the Superior Court of Siskiyou County.

The facts are stated in the opinion of the court.

*Warren & Taylor, T. M. Osmont, H. B. Warren,* and *Gillis & Tapscott,* for Appellant.

It was necessary that the defendant should have paid all of the taxes levied and assessed upon the land, in order to entitle him to a title by adverse possession, and the plaintiff having paid the taxes assessed to him, the defendant did not acquire title to the property by adverse possession. (*Ross* v. *Evans,* 65 Cal. 439.  See also *Brown* v. *Clark,* 89 Cal. 196.)

*James F. Farraher,* and *Brown & Farraher,* for Respondent.

GAROUTTE, J. — This is an action for the recovery of real estate. The defendant set up title by adverse possession, and his claim was held to be well founded by the trial court.  The sole question arising upon this appeal rests upon the construction of that provision of the statute which declares that, before the plaintiff can be deprived of his title by an adverse occupation, the party in possession must "pay all the taxes, state, county, or municipal, which have been levied and assessed upon such lands."  Defendant's occupation dates from 1881, and the court found as a fact that the land in controversy was assessed to him, and the taxes thereon paid by him every year from the date of his occupation down to and including the year 1887. The court also found that the same land was assessed to plaintiff for the years 1885, 1886, and 1887, and the taxes paid by him for those years.

As an element entering into the creation of defendant's title, the payment of all taxes levied upon the land during the five years' term of occupation is necessary, but it was never intended by the law-making power that he should pay the taxes for any

stated year more than once. Having had the land assessed to
him, and having paid the taxes levied thereon, we think he has
fulfilled the conditions of the statute, and it is immaterial as
to the number of times the land may have been assessed to
and the taxes paid by other parties. If it had been intended
by the legislature, in enacting this provision of the statute, that
no title by adverse possession could be created against the true
owner as long as he paid the taxes upon the land, it was very
easy for that body to have so provided, but the provision is not
so worded. It does not require the owner to do anything, but
requires the claimant, in order to secure the benefit of the stat-
ute of limitations, to do something, namely, to pay the taxes
upon the land. Illinois has a provision of law quite similar to
the one under present investigation, and it is there held (*Bolden*
v. *Sherman*, 101 Ill. 489) that in case of double payment of the
taxes for any one year, priority of payment prevails. That
court has also held that the statute of limitations begins to run
from the date of the payment of the taxes, and not from the
date of the possession or occupation. But in *Brown* v. *Clark*,
89 Cal. 196, this court declined to follow that rule, and neither
are we in the present case willing to hold that priority of pay-
ment by the true owner of itself nullifies the time which has
actually run and starts anew the statute. We see no great
necessity for the enactment of the provision in the first instance.
If for the purpose of giving notice to the true owner that, per-
chance, an adverse claimant has appeared upon the scene, his
payment of the taxes as notice of that fact is entirely insig-
nificant when compared to the circumstance of his open and
notorious possession of the land. Whatever may be the object
and purpose of the law it should receive a reasonable construc-
tion, and to hold that priority of payment by the true owner
of itself defeats the occupant's plea of the statute of limitations
would be an unreasonable construction. If such were the law,
upon the first day that taxes became due and payable, it would
result in a scramble at, or a race to the tax collector's office by
the respective parties to secure priority of payment. The de-
struction of old titles and the creation of new ones would thus
be dependent upon the strongest man or fleetest horse. We do
not think the provision should be so strictly construed against

the adverse claimant as the foregoing illustrations would suggest. Even if the collector should arbitrarily refuse to receive the taxes from the party in possession, if properly tendered, we do not think his title would be jeopardized by his failure to make the payment. There is reason in the law and impossible things are not demanded.

In the present case the court has found that the taxes were paid by defendant. This satisfies the statute, and it is ordered that the judgment be affirmed.

BEATTY, C. J., concurred.

HARRISON, J., concurring.—State and county taxes can be assessed upon the same property but once for the same fiscal year. "Nothing in this code shall be construed to require or permit double taxation." (Pol. Code, sec. 3607.) The assessment which forms the basis of the taxes must be upon the property, and the assessor "must assess such property to the persons by whom it was owned or claimed, or in whose possession or control it was at twelve o'clock M. of the first Monday of March next preceding; but no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid." (Sec. 3628.) There is no authority for making more than one assessment upon the same parcel of land, even though different claimants may return it to the assessor in their lists. "Lands once described on the assessment-book need not be described a second time, but any person claiming the same, and desiring to be assessed therefor, may have his name inserted with that of the person to whom such land is assessed." (Sec. 3657.)

When the taxes upon a parcel of land have been once paid the burden is removed, and there no longer remains any tax to be paid. Such payment may be made by any person claiming an interest in the land, and the effect of such payment will be to discharge the land from the burden of the tax, and, as there is thereafter no obligation upon any one to pay the tax, no right can be acquired by making a payment of the amount of the tax to the tax collector.

Section 325 of the Code of Civil Procedure requires that one who seeks or claims to obtain title by adverse possession shall

have paid "all the taxes, state, county, or municipal, which have been levied and assessed upon such land during the five years of his adverse occupancy." If, when he offers to make a payment to the tax collector, the tax which has been levied has been already paid, he cannot comply with one of the requirements of the statute and must fail to acquire a title by adverse possession. There is no hardship in this construction. If the owner of the land pays the taxes as they fall due there is no reason why his title should be impaired by a subsequent payment by another. The statute makes the payment of taxes as important an element as actual occupancy of the land for the purpose of gaining a title by adverse possession, and the burden is upon the claimant to do the acts required to create the adverse title. He should be as vigilant in paying the taxes as in holding possession of the land. He is seeking to gain the title of another through statutory authority, and it is for him to see that he does all of the acts which the statute requires.

In the present case the court finds that each party paid the taxes on the land for a portion of the period required to create an adverse possession. The evidence is not before us so that we can determine therefrom which payment was first in time, but, as the court rendered its judgment in favor of the defendant, we are at liberty to assume that the evidence upon which it made its findings showed that the payment by the defendant was prior to that made by the plaintiff. It was incumbent upon the appellant to show that any error was committed by the court in rendering its judgment, and if there is any ambiguity in the findings they are to receive that construction which will sustain rather than defeat the judgment. I therefore concur in affirming the judgment.

Hearing in Bank denied.