326 P.2d 1095

Phillip J. HOBSON, and The Board of Education of the Village of Tularosa, N. M., Acting through Esau O. Castillo, Mrs. Hettie Allen, Leo Ortiz, Eldred Hardin and Leonard Pribley, Members of said Board, Plaintiffs-Appellees,

v.

F. A. MILLER, Defendant-Appellant.

No. 6345.

Supreme Court of New Mexico.

April 23, 1958.

Rehearing Denied July 9, 1958.

216

T. B. Rapkoch, J. B. Newell, Las Cruces, for appellant.

Shipley & Seller, Alamogordo, for appellees.

COMPTON, Justice.

This is an action by appellee Hobson and others to reform deeds and to quiet title. Appellant counter-claimed, asserting an interest in the premises. As affirmative defenses, he asserted adverse posses-sions and laches. By a third party complaint, he brought into the case appellees, White, Saenz, and McBride, to whom appellee had sold a portion of the premises. The basis of the third party complaint was the claim of adverse possession, under color of title.

The source of title is a patent from the United States Government, dated September 23, 1873, covering the North half, Section 30, Township 14 South, Range 30 East, issued pursuant to an Act of Congress to the then Probate Judge of Dona Ana County, in trust for the benefit of claimants and settlers occupying various portions of the area. The 320 acre tract is shown by a map referred to by the parties as "Ancient Map" or "Map of 1885." Near the center is an area subdivided into blocks of fairly uniform sizes and separated by streets. The remainder of the subdivision is divided into 102 tracts designated on the map as "hortalizas" and numbered 1 to 102. The word "hortaliza" is defined as "garden stuff, pot-herbs, all sorts of esculent plants produced in a garden." See Velazquez revised Spanish Dictionary. Nevertheless, in conveyances, these tracts are invariably described as "hortalizas."

In 1919, appellant acquired and took possession of a tract designated as Hortaliza 26. At the time it was well improved and fenced on all sides. In 1941,

appellee Hobson purchased from Annice Lacey and her husband a tract of land designated as Hortalizas 25 and 28, and went into actual possession. This tract also was fairly well improved and was fenced on all sides. The fence lines were pointed out to him by the Laceys as boundary lines of the tract. There was a division fence separating appellee's tract to the north and appellant's to the south. Appellant now claims that a part of Hortaliza 26 lies north of the fence line.

In 1954, appellee decided to have his tract surveyed. It was then found that the hortalizas purchased by him could not be accurately located from any known record and that it would be necessary to establish boundaries by fence lines. Accordingly, he brought suit to reform his deed so as to describe his tract by metes and bounds and to quiet title thereto.

The pertinent findings read:

"7. By reason of the unknown boundaries and dimensions of the hortalizas referred to in the description of the property from Laceys to Hobson, an accurate description of the lands sought to be conveyed and possession of which was delivered, was unknown to the parties and could not be ascertained, except by an accurate metes and bounds description.

\*　\*　\*　\*　\*　\*

"11. The Plaintiffs and their predecessors and their successors in title and interest have paid taxes on the land described \* \* \* for more than 10 years prior to the institution of this suit, although the description under which said property was assessed and said taxes paid was not the correct nor the accurate description of said land.

"That the Defendant Miller has paid taxes on the land occupied by him and enclosed within his fences for more than 10 years prior to the institution of this suit under the lands and description of Hortaliza 26, although said description did not correctly nor accurately describe the land within his said fences."

■■ There is substantial support for the findings. That the error in description was mutual, is obvious. Further, there is evidence that the division fence had been recognized by the parties or their predecessors in title as the boundary lines for some 35 years. Appellant himself, when first approached by appellee, made no claim to the premises north of the fence line. He even suggested that he would be agreeable to giving a quitclaim deed to all land north of the fence line. However, he now makes the claim that a part of Hortaliza 26 is north of the division fence. The claim cannot be sustained. Such long recognition and acquiescence by the parties themselves affords ample evidence of the true boundary between their respective tracts of land and give

rise to a presumption that appellee held the tract under fence adversely to him. Woodburn v. Grimes, 58 N.M. 717, 275 P.2d 850; City of Rock Springs v. Sturm, 39 Wyo. 494, 273 P. 908, 97 A.L.R. 1; State of Iowa v. Carr, 8 Cir., 191 F. 257.

Appellant makes the point that since he has rendered and has paid all taxes on Hortaliza 26 since he acquired it, appellee's claim of adverse possession must fall. True, he paid taxes on a tract so designated. It is also true that appellee paid taxes on a tract designated as Hortalizas 25 and 28; nevertheless, the taxes paid by them were actually on the lands enclosed within their respective fence lines; that was all that was required. Pratt v. Parker, 57 N.M. 103, 255 P.2d 311; Lawson v. Serna, 48 N.M. 299, 150 P.2d 122; Raney v. Merritt, 73 Cal.App. 244, 238 P. 767.

Appellant makes the further argument that appellee is barred by laches. We find no merit to this argument. Immediately upon discovery that the boundary of his tract was uncertain, he instituted this action.

A further contention is made that the court erred in permitting appellee to set up the defense of estoppel by acquiescence in his reply. The contention must be rejected. It is obvious that the defense was an answer to the cross-claim and the third party complaint, though the pleading was denominated a reply. See Rule 7(a),

our Rules of Civil Procedure, § 21–1–1 (7) (a), 1953 Compilation.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, J., concur.

McGHEE, J., not participating.