424 P.2d 799

A. E. THOMAS and Mura A. Thomas, his wife, Calvin Horn and Ruth Horn, his wife, H. B. Horn and Lucille Horn, his wife, R. P. Tinnin and Frances Tinnin, his wife, Arthur P. Quinn and Elizabeth Quinn, his wife, and M. M. Hardin and Jeanne C. Hardin, his wife, Plaintiffs-Appellees,

v.

George PIGMAN and Florence Evelyn Pigman, his wife, Defendants-Appellants.

No. 8144.

Supreme Court of New Mexico.

March 6, 1967.

Simms & Garcia, Albuquerque, for appellants.

Sutin & Jones, Albuquerque, for appellees.

## OPINION

WOOD, Judge, Court of Appeals.

This boundary dispute raises three issues: (1) laches, (2) acquiescence and (3) adverse possession.

Plaintiffs are successors in interest to the original patentees of the Canon de San Diego Land Grant. Defendants are successors in interest to the original owners of land adjoining the northern boundary of the Grant. Over fifty years ago, defendants' predecessors in interest erected a fence which crossed the northern boundary and fenced off 14.975 acres of the Grant. The fence still exists. Both parties sought to quiet title to the 14.975 acres. Defendants appeal from the judgment quieting plaintiffs' title to the tract.

Defendants assert that laches bar plaintiffs from asserting title to the disputed acreage. The four elements of laches are stated in Morris v. Ross, 58 N.M. 379, 271 P.2d 823, and Velasquez v. Mascareñas,

71 N.M. 133, 376 P.2d 311. Here, two of the elements (the third and the fourth) are missing.

■ The third element is lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit. There is evidence that plaintiffs' predecessors in interest informed defendant Pigman and his predecessors that the fence was on Grant land and offered to lease it to them.

The fourth element is injury or prejudice to the defendant in the event relief is accorded to the plaintiff or the suit is not held to be barred. The trial court found there is no dispute as to the true and correct description and location of the northern boundary of the Grant. It also found that the true boundary line is well-known, fully documented, and easily ascertainable. These findings are not attacked. With a well-known boundary, which location is not disputed, defendants are not injured or prejudiced by the trial court's refusal to bar plaintiffs' claim on the basis of laches.

■ Defendants emphasize another element of laches—the lapse of time which they contend was an unreasonable delay. Lapse of time alone does not necessarily imply an unreasonable delay in bringing suit, but it must appear that the delay worked to the injury of another. Little v. Price, 74 N.M. 626, 397 P.2d 15; Sharpe v. Smith, 68 N.M. 253, 360 P.2d 917. Thus, unreasonable delay embraces two elements of laches —lapse of time and injury or prejudice. The injury being absent, there is no unreasonable delay.

■ Laches is an affirmative defense. Section 21–1–1(8) (c), N.M.S.A. 1953. Defendants failed to prove two of the elements of laches. The trial court did not err in refusing to bar plaintiffs' claim for laches.

Defendants assert that the fence, as the boundary, was established by acquiescence. This claim is made in two ways.

■■ First, they say that plaintiffs and their predecessors in interest, knowing the boundary was disputed, did nothing to disturb the fence line. Defendants contend this amounts to an implied agreement which shows acquiescence. A boundary may be established in this manner. Murray Hotel Co. v. Golding, 54 N.M. 149, 216 P.2d 364; Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122. However, the trial court found there was neither express nor implied agreement that the fence would constitute the boundary. The evidence of plaintiffs' witnesses supports this finding.

■ Second, even if there were no dispute, defendants say the fence was established as the boundary by long recognition of the abutting owners; and the long recognition amounts to acquiescence. A boundary may be established in this man-

ner. Woodburn Bros. v. Grimes, 58 N.M. 717, 275 P.2d 850.

The second proposition depends on the fact of acquiescence. The trial court found as a fact that neither plaintiffs nor their predecessors in interest acquiesced in the location of the fence. The evidence of plaintiffs' witnesses supports this finding.

Acquiescence has not been established as a fact. Assuming, however, that acquiescence was established, there is an unchallenged opposing fact. The trial court found the true location of the boundary. Sproles v. McDonald, supra, states:

"Where, as here, the court has considered all of the evidence before it and has determined the true location of the boundary, and the boundary is different from the one acquiesced in over the years, on review we will not disturb such finding when supported by substantial evidence. * * * "

Defendants assert that the trial court erred in refusing to hold that they had acquired title by adverse possession. This contention fails because defendants did not have color of title. The only evidence as to defendants' color of title to the disputed tract is defendants' deed and chain of title. The trial court found that neither the deed nor any other instrument in the chain of title describes, mentions or purports to convey any land located within the exterior boundaries of the Grant. This finding is not attacked. The disputed tract lies within the Grant.

Color of title is required under both of our adverse possession statutes, §§ 23–1–21 and 23–1–22, N.M.S.A. 1953. Green v. Trumbull, 37 N.M. 604, 26 P.2d 1079. Accordingly, we do not decide which section would be applicable.

The judgment is affirmed. It is so ordered.

NOBLE and CARMODY, JJ., concur.