428 P.2d 623

**Ernest Howard McBRIDE, a/k/a Ernest McBride, Plaintiff-Appellee,**

v.

**Jesse D. ALLISON and Anita Allison, Defendants-Appellants.**

**No. 8242.**

Supreme Court of New Mexico.

May 15, 1967.

J. Wayne Woodbury, Silver City, for appellants.

Robertson & Reynolds, Silver City, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiff sought a judgment establishing an old fence line as the true boundary.

The plaintiff had been the owner of the east one-half of Block No. 64, in the Town of Central since 1936. At the time he acquired the property there was a north-south fence extending approximately ⅝th of the way across the Block and dividing the east side and the west side into two approximately equal parts. After buying the lots the plaintiff rebuilt the fence on the same line. The defendants purchased the west one-half of Block No. 64, in January, 1964. The defendants had the property surveyed in September, 1965, and shortly thereafter removed the old fence and built a new one some five feet or more east of the old location. The plaintiff instituted this action in the district court and from a judgment in favor of the plaintiff, the defendants bring this appeal.

The issue presented is whether or not the findings made by the trial court were supported by substantial evidence.

Under this point the appellants further argue that the old fence line had not become the boundary line by acquiescence. The case turns on whether or not there was substantial evidence to support the finding of acquiescence. We approach the problem mindful of Lee v. Gruschus, 77 N.M. 164, 420 P.2d 311, where the attack was made on the findings by the court as not having substantial support in the evidence. There we said:

"* * * We have so many times stated that we will not weigh the evidence on review that citation of authorities is deemed unnecessary."

Further in the same opinion:

"* * * The findings made were supported by substantial evidence; hence, the court's refusal to make findings and conclusions to the contrary was not error. Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1."

It is undisputed that the land owned by the defendants was purchased by them in 1964 from John Menard. Menard had bought the land from Williamson. Williamson had acquired the land in the late 1930's. When Williamson bought the land he not only repaired the existing fence, but extended it in a straight line to the south along the west end of Lot No. 12. Menard neither did nor said anything about the fence while he owned the property. Thus, the defendant's predecessors in title had either acquiesced in the location of the boundary fence, or had actively confirmed its location. The finding of the trial court that the defendants and their predecessors in title silently acquiesced in the location of the old boundary fence for about twenty-eight years has substantial support. In Woodburn v. Grimes, 58 N.M. 717, 275 P.2d 850, we held that a boundary line may be established by acquiescence where there has been long recognition by abutting owners. Recently in Thomas v. Pigman, 77 N.M. 521, 424 P.2d 799, we repeated that long recognition amounts to acquiescence and reaffirmed that a boundary could be estab-

lished in that manner. See also ·Sproles v·, McDonald, 70 N.M. 168, 372 P.2d 122.

The judgment appealed from should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.