539 P.2d 234

**Roy J. RETHERFORD, Plaintiff-Appellee,**

v.

**Harry A. DANIELL and Connie Long Daniell, his wife, Chris L. Humphrey and Joan Humphrey, his wife, Defendants-Appellants.**

**No. 1704.**

Court of Appeals of New Mexico.

Aug. 6, 1975.

James B. Cooney, Caton & Hynes, Farmington, for defendants-appellants.

Reed L. Frost, Palmer & Frost, P. A., Farmington, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendants appeal from a judgment for plaintiff which involved a boundary and easement dispute. We affirm.

The trial court made the following pertinent findings and conclusions of law.

1. The north-south fence *now* separating the property owned by plaintiff Retherford designated as tract one, and the property owned by the defendants Humphrey designated as tract two was built by defendant Daniell on the land of plaintiff and does *not* lie upon the correct boundary between the parties' property. [Emphasis added]

2. The defendant Daniell while he owned and occupied tract two constructed the fence along its present alignment without the consent of plaintiff. The new fence extended over onto tract one separating approximately one acre of land from the principal tract . . . .

3. The defendant Daniell removed an older fence which divided the tracts, and which was on a line where a fence had existed for over sixty (60) years.

4. The old fence line had been generally recognized and accepted as the correct boundary dividing the tracts by the persons who preceded all parties to this action in ownership of the tracts.

5. A strip along the west side of tract two had been used openly and adversely to the interests of the owners of tract two by the owners of tract three and of other land to the north as a roadway for general access, for over twenty (20) years.

6. The strip extended from the public road on the south to tract three on the north and was approximately twelve feet wide and was parallel and adjacent to the old fence line which marked the western line of tract two until it was recently removed by defendant Humphrey.

7. The defendant Humphrey caused the free use of the roadway over tract two to be curtailed, by chaining and padlocking gates, without plaintiff's consent and without providing plaintiff with a means of passage.

8. Plaintiff Retherford made no effort to obtain access to tract three after defendant Humphrey closed the road over tract two, nor did he make any effort to harvest or farm the portion of tract one that lay west of the new fence erected by defendant Daniell.

### [Conclusions of Law]

1. The true boundary line between tracts one and two is the old fence line.

2. Tract two is subject to an easement created by prescriptive use for the roadway described in finding six (6) above, as servient estate to tract three.

Defendants contend: (A) New Mexico law was not followed in adjudging the boundary line as the old fence line. (B) Plaintiff was not entitled to an easement.

A. *New Mexico law was followed in adjudging boundary line as old fence line.*

Under New Mexico law, where a fence had existed for over 60 years which divided two adjoining tracts of land, and the old fence line had been generally recognized and accepted as the correct boundary by the persons who preceded all parties to this action, did this constitute the true boundary between the two tracts of land? The answer is yes.

The trial court limited its findings to those facts which existed prior to the ownership of the land by the present parties to this lawsuit.

The record shows that for about 60 years, the prior owners of defendants' tract knew that the boundary line was established by the old fence, and this boundary was always accepted with no questions asked. One of plaintiff's predecessors, long before this controversy, rebuilt the fence along this old fence line when the fence was down and he treated this fence line as the boundary between the two tracts. It remained the same boundary until defendant Daniell moved it.

Under New Mexico law, even if there is no dispute, long recognition of the boundary by abutting owners amounts to acquiescence. A boundary may be established in this manner, *Thomas v. Pigman*, 77 N.M. 521, 424 P.2d 799 (1967); *Hobson v. Miller*, 64 N.M. 215, 326 P.2d 1095 (1958), even though the acquiescence results from silence. *McBride v. Allison*, 78 N.M. 84, 428 P.2d 623 (1967); *Woodburn v. Grimes*, 58 N.M. 717, 275 P.2d 850 (1954).

Where this old fence line boundary lies is a question of fact. On review, it is our duty to entertain all reasonable presumptions in favor of the correction of the trial court's findings, conclusions and judgment. *Velasquez v. Cox*, 50 N.M. 338, 176 P.2d 909 (1946).

There is substantial evidence to support the trial court's findings which are supported by law.

B. *Plaintiff was entitled to an easement.*

The only finding on easement challenged by defendants was finding No. 7, *supra*, that defendant Humphrey curtailed the use of the strip roadway on the west side of his tract by chaining and padlocking a gate without the consent of plaintiff and providing no passage to plaintiff.

There is substantial evidence to support the court's finding No. 7. Plaintiff was entitled to an easement.

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.