BRUNO BIASI and ELISA BIASI as Co-Trustees of the "BRUNO BIASI FAMILY TRUST," Appellants, *v.* LADELL LEAVITT, Respondent.

No. 14937

January 4, 1985                                          692 P.2d 1301

*Paul L. Larsen*, Las Vegas, for Appellants.

*Leavitt & Leavitt*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is a boundary dispute. Appellants, the Biasis, brought an action to eject respondent from a disputed strip of land of which they are the record owners. Respondent Leavitt successfully defended the action, claiming that he had adversely possessed the land for the statutory period. The sole issue on appeal is whether respondent satisfactorily established his compliance with the statutory requirement of NRS 11.150 that a party pay all taxes assessed against the land in question for a period of five years before adverse possession can be established.[1] We conclude that he did not and reverse.

The problem in this case arose as a result of two government surveys having been made of the area in which the parties' properties are located. The first survey was performed in 1881 and established boundary lines for those sections of land already patented and occupied. The area in dispute in this case was one of these sections. The second survey, made in 1934, was undertaken to correct certain errors in the 1881 survey, but was not intended to disturb boundary lines or affect vested interests in the already patented and occupied lands. Section corner markers placed during the 1934 survey within the already patented lands were not meant to designate property corners, but were established as reference points from which surrounding, as yet unpatented, land was to be measured.

The Biasi and Leavitt properties are contiguous. Their common recorded boundary line coincides with the section line divid-

---

[1] 11.150 Additional requirements for adverse possession: Occupation continuously for 5 years; payment of taxes. In no case shall adverse possession be considered established unless it be shown, in addition to the requirements of NRS 11.120 or 11.140, that the land has been occupied and claimed for the period of 5 years, continuously, and that the party or persons, their predecessors and grantors have paid all taxes, state, county and municipal, which may have been levied and assessed against the land for the period mentioned, or have tendered payment thereof.

ing Sections 35 and 36, Township 13 South, Range 70 East, as established by the 1881 survey. The Biasis own the NW ¼ of the NW ¼ of Section 36. Leavitt owns a smaller parcel located within the NE ¼ of the NE ¼ of Section 35. Unfortunately, Leavitt did not have an adequate survey made of his property before he constructed a home on his property. He incorrectly assumed that the 1934 section marker designated his property corner. As a result of this error, the building encroaches approximately thirty-five feet onto the Biasis' land.

At trial, respondent produced tax receipts for three years showing that he had paid taxes on 3.16 acres, with improvements, in section 35. He also testified that he paid a similar assessment for a number of additional years. The major portion of the "improvements" for which respondent was billed stand in the disputed area, which is part of section 36. Appellants produced tax receipts showing that they had paid the taxes on their land in section 36, including the disputed area, for the years in question. Although there was no direct evidence that respondent had paid taxes in any part of section 36, the trial court apparently assumed that the payment of taxes for the improvements constituted payment on the land as well, and concluded that there had been a double billing and double payment of taxes on the disputed strip of land. Relying on the holding in Zubieta v. Tarner, 76 Nev. 243, 351 P.2d 982 (1960), the court determined that respondent had satisfied the tax payment requirement. We disagree.

In *Zubieta, supra,* we held that where taxes were paid by both the record owner of the property and an adverse claimant, the claimant's payment was sufficient to satisfy the statutory requirement and the fact that the legal owner had also paid taxes on the property would not defeat the claim. In that case, however, the property descriptions in the parties' deeds overlapped so that each had been assessed and paid taxes on the disputed area. This is not true in the instant case. As noted, respondent's deed describes property within section 35 while appellants' deed describes property within section 36. There is no overlap in the legal description of the parties' land in their respective deeds.

Respondent contends, however, that Sorensen v. Costa, 196 P.2d 900 (Cal. 1948) supports the trial court's determination that he paid taxes on the disputed area. In *Sorensen* it was held that, where a claimant of title by adverse possession paid the taxes actually assessed on the land occupied, a misdescription of the land on the tax rolls or in tax receipts would not affect the efficacy of payment under the California statute requiring payment of taxes in order to establish adverse possession. In that case, however, the court also noted that the claimant was required to show that the particular land occupied was assessed and the taxes paid by him or his predecessors; it was not sufficient to show that

he thought or supposed he was paying taxes on the land occupied when the land was assessed under a correct description that applied to other land. 196 P.2d at 908. In the instant case, although respondent demonstrated that *he* had erred in placing his property line according to the 1934 survey, he failed to show that the tax assessor's office operated under a similar mistake. In fact, the only evidence appearing in the record indicates that the assessor's office probably used the correct survey to establish section lines in the area and therefore correctly assessed respondent's property. Moreover, there is no evidence that the assessment of respondent's land was made on the basis of an on-site measurement of the area rather than the deed description so that respondent was billed for both his own land in section 35 plus the disputed area in section 36. Again, the contrary appears from the record. Respondent was apparently assessed and paid taxes upon only the amount of land described in the tax receipts as being entirely within section 35. Consequently, it does not appear that respondent paid taxes on the additional land he claims. *See* Platt v. Martinez, 563 P.2d 586 (N.M. 1977) (where legal description of the two tracts of land contained in the respective deeds of the adverse claimant and neighbor do not conflict and contain no overlap, and claimant paid taxes only on the property covered by his deed, adverse possession claim was defeated for want of payment of taxes even though the land in question had been occupied by claimant) and Trappett v. Davis, 633 P.2d 592 (Idaho 1981) (where tax assessment results in adverse claimants' payment of taxes on some, but not all, of claimed area, claimants were entitled to only that additional land on which they had actually paid taxes).

Finally, the fact that respondent was taxed on improvements does not necessarily mean that he paid taxes on the property upon which they rested. In Stephens v. Hurly, 563 P.2d 546 (Mont. 1977), the court was faced with a similar situation. In that case, the adverse claimant had placed a mobile home, water and sewer lines and various other improvements on his neighbor's property. He paid taxes on the improvements, but the evidence at trial showed that his property tax bill had been assessed on the basis of his record holdings only. The only value added to the tax bill was the value of the improvements; the additional land on which the improvements were situated was not assessed to him. Consequently, the court upheld the trial court's determination that no taxes had been paid on the underlying land and adverse possession had not been established.

A party claiming adverse possession has the burden to affirmatively establish the necessary facts by clear and competent proof

in order to overcome the presumption that possession of the land is under the regular title. McDonald v. Fox, 20 Nev. 364, 22 P. 234 (1889). Respondent did not adequately demonstrate that he fulfilled the tax payment requirement contained in NRS 11.150 and has, therefore, failed to establish all facts necessary to constitute an adverse possession.

Accordingly, the judgment is reversed.