# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## APRIL TERM, 1915

[No. 2163]

SHERMAN R. ALBEE, APPELLANT, *v.* KATE ALBEE, RESPONDENT.

[147 Pac. 452]

1. DIVORCE—GROUNDS—"DESERTION"—CONSENT.
    Separation by consent of the parties is not "desertion," and will not be ground for divorce.
2. APPEAL AND ERROR—REVIEW—FINDINGS OF COURT—CONCLUSIVE-NESS.
    A judgment based on substantially conflicting testimony will not be disturbed on appeal.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action for divorce by Sherman R. Albee against Kate Albee. From a judgment denying relief, plaintiff appeals. **Affirmed.**

*Harwood & Springmeyer,* for Appellant.

*Eugene L. Williams,* for Respondent.

By the Court, McCARRAN, J.:

Appellant herein commenced his suit in the district court of Washoe County, in which said action he prayed for an absolute decree of divorce against defendant, upon the ground of desertion. Service was had upon the defendant in a foreign state, and in due time answer

was filed by the defendant, respondent herein, denying the allegations of plaintiff's complaint, but making no demand for affirmative relief, save and except counsel fees and alimony *pendente lite.* On the trial of the cause, the defendant, appearing in person and by her attorney, testified in her own behalf and in support of her answer. At the conclusion of the trial, the court below found that both parties to the proceedings were equally to blame; and that the plaintiff had failed to prove wilful desertion. From the judgment of the lower court and order denying a new trial, appeal is taken to this court, upon the sole ground that the judgment is contrary to the evidence and against law. No errors of law committed by the trial court during the proceedings are assigned, and we are confronted with the sole question as to whether or not the trial court was warranted in rendering its decision, as it was rendered, upon the evidence as presented to it on the trial.

The testimony of appellant, plaintiff in the court below, was to the effect that for some eight years respondent had refused to cohabit with him and had denied him conjugal rights, and that, although living in the same house, she wilfully and persistently occupied a separate apartment, and that these acts on her part were against his will, wish, and consent. He further testified that during the month of April, 1912, the defendant, in an angry mood, said to him that it was time that they settled up, and for him to get out of there; and that pursuant to this declaration on the part of his wife he left the home and, later coming to Nevada, took up a residence here for the statutory time required and commenced action for divorce. The record also discloses that at another time, subsequent to his departure and prior to his coming to Nevada, he commenced an action for divorce in the courts of the state in which he and the respondent had lived, the result of which said action is not disclosed by the record.

The testimony of respondent is in direct contradiction to that of appellant with reference to the acts of desertion. Respondent's testimony is to the effect that she

was the mother of three children, one of whom, a boy of 19 years, is living. She, in her testimony, makes explanation for the fact of their occupying separate beds and separate apartments, at the same time denying that she had ever refused appellant his conjugal rights. Her testimony as to the event of his departure is to the effect that she begged him not to leave her, and at the same time drew his attention to the effect of separation upon herself and their boy.

There is some testimony in the record, on the part of appellant, as to the acts and conduct of respondent in nursing a neighbor and thereby neglecting her duties at home. Explanation of this is made by respondent in her testimony, in which she says that the neighbor was a close friend of both herself and her husband, and that she acted in the capacity of nurse at the suggestion and with the consent of her husband.

It is scarcely necessary for us to dwell upon those fundamental rules, prescribed by law, which must be observed by the courts in determining the question of desertion in cases of this kind.

[1] It has been held that, if the husband whose wife has left him fails to express to her in some way his desire that she return and resume marital relations, her continued absence is not deemed an act of desertion sufficient to entitle him to a divorce. Other courts have held, in this respect, however, that, if the complaining party is free from blame, he is not required to resort to efforts calculated to effect a reconciliation. But the general rule in cases of this kind is that a separation by consent of the parties will not constitute desertion.

[2] In the case at bar, both the parties to the action appeared before the trial court and testified, one seeking a decree of divorce, the other declaring that she desired no divorce and avowing her wish to resume marital relations with her husband. The trial court had the opportunity of observing the conduct of the parties, of listening to their testimony in the first instance. The matters testified to by the plaintiff in the court below, which were vital to

the substantiation of his charge of desertion, were flatly contradicted and denied by the defendant.

The rule which has been almost universally adopted by appellate courts, to the effect that where there is a substantial conflict in the testimony the judgment of the trial court will not be disturbed, we deem especially applicable to the case at bar. But even if there were no such rule as we refer to, a review of the record leads us to believe that the findings of the trial court and the judgment entered accordingly were in keeping with the evidence adduced before that court.

Wherefore it is ordered that the judgment of the trial court, and the order denying motion for a new trial, be affirmed.