SYLVIA H. CUNNINGHAM, APPELLANT, *v.*
FRANCIS J. CUNNINGHAM, RESPONDENT.

No. 3307

August 29, 1941.                    116 P.(2d) 188.

See, also, 60 Nev. 191, 102 P.(2d) 94, 105 P.(2d) 388.

*Bert Goldwater,* of Reno, for Appellant.

*Harlan L. Heward,* of Reno, for Respondent.

## OPINION

By the Court, DUCKER, C. J.:

The appellant, who cross-complained against her husband in his action for divorce, obtained a decree on the

ground of extreme cruelty. A division of their property was made and she was awarded alimony in the sum of fifty dollars per month for ten months from the date of the decree, February 17, 1940. The division of the property of the parties is as follows: That the defendant and cross-complainant herein be, and she hereby is, allowed to retain certain separate property now standing in her name, consisting of real estate described as follows:

"All of Lot Twenty-nine (29) in Block numbered Seven (7) of the Newton Tract, a sub-division to the town of East Reno, now City of Sparks, according to the official map or plat of said tract now on file in the office of the County Recorder of Washoe County, Nevada; together with the furnishings of the house on said property."

That the defendant and cross-complainant be and she is hereby awarded the 1936 Chevrolet sedan automobile.

That the plaintiff be, and he is hereby awarded certain real estate described as follows:

"Lots numbered Thirteen (13) and Fourteen (14) in Block numbered Seven (7) of the Robison Addition, a subdivision to the town of East Reno, now the City of Sparks, according to the official map of said addition now on file in the office of the County Recorder of Washoe County, Nevada: together with the contents of the house now standing on said real estate and household furnishings, all community property of the parties."

That the plaintiff herein be, and he hereby is permitted to retain as his own separate property the proceeds of two insurance policies, of which he is the beneficiary, on the life of one John R. Shekell, now deceased.

No appeal was taken from the decree of divorce. Her appeal is from the alimony award, and from the real estate award to respondent, and from the order denying her motion for a new trial.

She assigns as error, abuse of discretion as to the last two mentioned awards.

As we understand appellant's position, it is not contended that there is not substantial evidence in support of the trial court's findings. Indeed this could not be maintained. But it is asserted that the comparative value of the property awards and alimony is so out of proportion in favor of the husband as to show absolute unfairness on the part of the trial court.

■ We are not inclined to this view. As a review of the evidence would serve no useful purpose, we will not undertake it. It is enough to say that the evidence reveals that the division and alimony were well within the latitude of discretion conferred upon the trial court by the statute. Section 9463 N. C. L., as amended by Stats. 1939, p. 18.

■ By reason of its opportunity of seeing, hearing, and examining the witnesses, the trial court is far better adapted to consider and weigh the equitable matters appearing from the evidence than the appellate court, which views only the written word. As we said in Wittenberg v. Wittenberg, 56 Nev. 442, 55 P.(2d) 619, 623: "In cases such as this, on issues of fact, much must be left to the wisdom and experience of the presiding judge, who sees and hears the parties and their witnesses, scrutinizes their testimony and studies their demeanor."

See, also, Albee v. Albee, 38 Nev. 191, 147 P. 452.

As previously stated, the property awards and alimony are supported by substantial evidence and we are not prepared to say that the trial court abused its discretion. In other words, such abuse does not plainly appear.

The judgment in all respects and order denying a motion for a new trial are affirmed.