ALLEN, Judge.
This is an appeal from a final decree granting appellee a divorce from appellant; allowing $75 per month as permanent alimony; and granting appellee attorney fees of $500. The appellant assigns no error as to the divorce but claims under the circumstances of this case that the appellee is not entitled to either alimony or an award for services of her attorney. The appellee contends that her attorney should have a larger sum for his services and that she should have been granted larger monthly alimony payments.
We shall affirm the lower court, thus ruling against the appellant on his contentions and against the appellee on her cross-assignments.
We view the record below as purely a question of fact to be determined by the trial judge and, considering the needs of the parties, the income and the capital, assets of the parties, the lower court made a fair determination of the amount allowable as attorney’s fee and as alimony. Chastain v. Chastain, Fla.1954, 73 So.2d 66. Since the determination of such facts is peculiarly within the discretion of the trial judge, we need only to have studied the record for the purpose of determining whether there was any abuse of his discretion appearing in the record. Pross v. Pross, Fla., 72 So. 2d 671.
The defendant husband unfortunately is blind, is fifty years of age, and has an arthritic condition as a result of his service in the Armed Forces, for which he receives a monthly check of $135.45 from the federal government. The defendant has a savings bank account of $34,000 and government bonds in the amount of $20,000 plus a checking account in the bank of $11,000. He also owns a parcel of realty of the approximate value of $12,500. The income of the defendant from the conservative investments above mentioned amounts to $3,125.40 per annum or $260.45 per month, which added to the disability payments of $135.45 per month makes $395.90 per month income. The defendant testified that his monthly expenses amount to $345 per month.
The plaintiff testified that she was employed by the Goodyear Tire and Rubber Company and receives $245 per month with a take-home pay of $206 per month. She has a child by a former marriage for which *863 she receives $50 per month from the government, as this child’s father was killed while serving overseas in World War II. She will continue to receive this $50 for only 17 more months. She and her son have a joint savings account in the amount of $300. She owns half-interest, valued at $6,250, in the realty previously mentioned in which the appellant owns the other half. The plaintiff’s expenses, according to her testimony, total approximately $276 per month. She has a house in which to live. She is 46 years of age and presently in good health.
Breaking down the above figures shows that the husband has an annual income from his conservative investments, plus the income from government compensation, of $3,125.40 per annum, while the appellee-wife has an annual income of $3,072. It should be noted, however, that included in this figure is the sum of $600 per annum support for her son which will be available only for 17 more months.
The wife’s present expenses exceed the amount of her income. She has no capital assets to fall back on in the event of sickness or loss of job and at her present age the length of her continued income-producing period is not too long.
The circuit judge had a right to consider not only the income of the appellant-husband but also his capital assets in considering the equities between the parties in this action. See Chastain v. Chastain, supra. In weighing the capital investments it will be seen that they include $34,000 in bank savings, $20,000 in government bonds, $11,000 in an uninvested checking account and a half interest in real property of $6,250. Apparently the capital of the wife would be one-half interest in the real property valued at $6,250. The chancellor would also be justified in determining that the compensation check from the government of $135.45 per month to the appellant would be permanent.
We do not believe any further detailing of the evidence in this case is necessary for, as we have previously stated, a determination of attorney’s fees, alimony, etc., is vested in the trial judge and in the absence of a showing on the part of appellant of the abuse of his discretion, the appellate court will not interfere.
The appellee has requested attorney fees for her attorney in presenting this appeal which we shall allow in the sum of $200.
Finding no error in the record, the lower court should be and is affirmed.
Affirmed.
KANNER, C. J., and THOMAS, EL-WYN, Associate Judge, concur.