JOSEPH D. WINN, Appellant, v. SHIRLEY A. WINN, Respondent.

No. 5921

January 16, 1970                    467 P.2d 601

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Fry and Fry,* of Reno, and *Bradley, Farris and Di Rosario,* of Columbus, Ohio, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Joseph Winn, a retired Air Force Colonel, was 47 years old, previously unmarried when he and Shirley were married in Columbus, Ohio, on June 1, 1965. Shirley was 39 at the time and was also previously unmarried. She had worked for the state of Ohio for 17 years but quit her job just prior to the marriage. She withdrew $3,400 from the retirement fund which she used to purchase an automobile and made other expenditures.

Joseph earned retirement pay of $576 per month plus approximately $100 per month in interest income from investments. Before their marriage he had purchased securities worth approximately $10,000, and owned a dwelling in Phoenix upon which he was making monthly payments, but was receiving rent from it. During the marriage he purchased a $75.00 savings bond per month until he retired which roughly totaled $2,250 not considering the increased value over the period until the divorce.

After the separation in May 1968 Joseph purchased a lot in New Mexico for $3,495 in the names of both parties and also purchased six lots in New Mexico and five lots in Florida in his name only.

After one year of marriage Shirley returned to work because, she explained, Joseph was so penurious that she needed additional income for living expenses as well as to care for her aged mother. When she returned to work her income was considerably diminished for her job was of less stature than the one she had before their marriage. At the time of trial her bank account totaled $27.18.

Many other facts were supplied by testimony from both Shirley and Joseph, but they reflected nothing startling that would affect the adjudication of this court. The union lasted 2½ years. The differences that arose between them, starting with the honeymoon, can largely be attributed to their respective long-term bachelorhood and spinsterhood. Mutual

obstinacy imbedded by the years undoubtedly made them irreconcilable. The divorce granted upon the wife's cross-complaint is not being appealed by either party as to grounds. Only the award of $4,000 in lieu of a division of property interests plus $100 per month alimony to the wife with a reservation of jurisdiction over the alimony by the trial court is questioned.

We find no abuse of discretion in this case. NRS 125.150(1) provides as follows:

"In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

A trial court should not be held to a mathematical certainty in all cases. Fox v. Fox, 81 Nev. 186, 196, 401 P.2d 53 (1965). The trial court's objective is that of fairness which it achieves by the judge's personal observation of the parties and the evaluation of the circumstances as they come before him in the arena of the trial court. The trial judge's perspective is much better than ours for we are confined to a cold, printed record. Cunningham v. Cunningham, 61 Nev. 93, 95, 116 P.2d 188 (1941); Wittenberg v. Wittenberg, 56 Nev. 442, 453, 55 P.2d 619 (1936); Freeman v. Freeman, 79 Nev. 33, 37, 378 P.2d 264 (1963). Other courts, as well as Nevada's, have upheld awards in these similar situations. Warren v. Warren, 189 N.E.2d 401 (Ill.App. 1963); Landreth v. Landreth, 326 S.W.2d 128 (Mo.App. 1959); Mack v. Mack, 112 So.2d 861 (Fla.App. 1959); Armour v. Armour, 59 So.2d 51 (Fla. 1951); Conover v. Conover, 242 A.2d 481 (Md.App. 1968).

The award in this case is affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.