SAVINI CONSTRUCTION COMPANY, A CO-PARTNERSHIP, APPELLANT, v. A & K EARTHMOVERS, INC., A NEVADA CORPORATION, RESPONDENT.

No. 6572

January 3, 1972                    492 P.2d 125

*Seymour H. Patt,* of Reno, for Appellant.

*Diehl, Recanzone, Evans & Smart,* of Fallon, for Respondent.

## OPINION

*Per Curiam:*

The appellant was the prime contractor on the Pinion Hills Bridge, a state highway construction project. The respondent submitted a bid offer of 35 cents a yard for moving certain earth on the project from a cut in the proposed roadway to fills at the bridge abutments and was awarded a subcontract at that price by the appellant. No written contract was ever executed, but the parties orally agreed concerning the work to be performed under the subcontract. On November 13, 1969, the respondent left the job claiming that the earth fills at the bridge abutments had been completed and the contract had been fully performed. The appellant claims that the roadway excavation had not been completed by the respondent according to the master contract or the subcontract, and that it was required to do additional excavation work to complete the project.

Thereafter the appellant filed a complaint against the respondent to recover $3,146.41 that it alleged it had been

required to spend to complete the excavation work left unfinished by the respondent. After a trial on the merits, the district court found that the appellant was not entitled to recover on its complaint because the respondent had fully performed pursuant to the oral subcontract. In this appeal the appellant contends that there was insufficient evidence to support that finding.

We have reviewed the record and find substantial evidence to support the trial court's judgment. Kenneth Hiatt, general manager for the respondent, testified that all of the roadway excavation agreed to under the subcontract had been completed by the respondent at the time it left the project. The trial judge chose to believe Hiatt's testimony. There is no showing by the appellant that the judgment of the trial court was clearly erroneous or was not based upon substantial evidence. Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Utley v. Airoso, 86 Nev. 116, 464 P.2d 778 (1970). The substantial evidence test is particularly applicable here where there is conflicting evidence and the credibility of the witnesses is in issue. Douglas Spencer v. Las Vegas Sun, 84 Nev. 279, 439 P.2d 473 (1968); Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967).

It is also asserted by the appellant that the trial court erred in refusing to allow the testimony of the resident state engineer regarding the provisions of the subcontract. After a timely objection, the trial court correctly ruled that inasmuch as there had been no showing that the witness had any personal knowledge of the provisions of the subcontract, any testimony by him would be merely conjecture and therefore inadmissible. See Deakyne v. Lewes Anglers, Inc., 204 F.Supp. 415 (D.Del. 1962).

Affirmed.