B & C ENTERPRISES AND WILLIAM H. BOEGLE, APPELLANTS, v. CHESTER UTTER, RESPONDENT.

No. 6789

July 19, 1972                                498 P.2d 1327

[Rehearing denied August 22, 1972]

*Seymour H. Patt,* of Reno, for Appellants.

*Paul A. Richards* and *Richard J. Legarza,* of Reno, for Respondent.

434

## OPINION

By the Court, Mowbray, J.:

This is an appeal from a judgment of the district court based on a $7,500 promissory note signed by Appellants B & C Enterprises, a corporation, as maker, and William H. Boegle, as guarantor, in favor of Respondent Chester Utter, the payee.

The case was tried before the district judge, sitting without a jury, who awarded judgment in favor of Utter and against B & C Enterprises and Boegle for the sum of $8,428.72, representing the principal due on the note plus accrued interest; $1,000 for attorney's fees; and $104.30 for costs.

B & C Enterprises and Boegle have appealed from the judgment, claiming that the district judge erred in not sustaining their affirmative defenses to the promissory note.

1. Chester Utter is a realtor and developer. In the spring of 1970, he commenced negotiations to lease the Holland Livestock Ranch. Utter's son, Jerry, and one Bill Victor assisted in the preliminary negotiations. Later, B & C Enterprises, through its officers, became interested in the project and was named the lessee in a lease agreement with Holland Livestock Ranch. As so often happens in such ventures, difficulties arose among the parties, and they agreed to settle their differences and part company. It was agreed that the Utters (Chester and his son, Jerry) and Bill Victor would release "all interests we have in any contracts or agreements between B & C interprises [sic] and ourselves . . ." for the $7,500 note signed by B & C Enterprises and guaranteed by Boegle. The note was not paid, and this suit resulted.

2. The defendants-appellants set up the following affirmative defenses to the note: (1) Failure of consideration, (2) lack of corporate authority to sign the note, and (3) duress exercised by Utter to obtain Boegle's guaranty. These defenses presented factual issues to be resolved by the district judge. A review of the record shows substantial evidence therein to support the judge's decision to reject the defenses alleged.

This court recently reiterated the well established rule, in Savini Constr. Co. v. A & K Earthmovers, Inc., 88 Nev. 5, 7, 492 P.2d 125, 126 (1972):

". . . There is no showing by the appellant that the judgment of the trial court was clearly erroneous or was not based upon substantial evidence. . . . [Citations omitted.] The substantial evidence test is particularly applicable here where there is conflicting evidence and the credibility of the witnesses is in issue. . . . [Citations omitted.]"

A. The record shows that the Utters and Victor released the interests they had in the project and that they had devoted considerable time and effort in negotiating the lease. The record supports the judge's finding that there was consideration for the note.

B. Regarding the lack of corporate authority to execute the note, NRS 104.3307, subsection 1, places the burden of proving a signature on the party claiming under it, but the statute also provides that a signature is *presumed* to be authorized except in limited situations not applicable in this case.[1] The appellant's proof on this issue focused upon whether there had been "formal" corporate authorization for William H. Boegle's signature on this particular note. However, there is nothing in the record that would tend to show that Boegle, as president of the corporation, did not have the authority, actual or apparent, to bind the organization. The appellant's proof thus failed to dispel the statutory presumption.

C. As to the charge that Boegle's guaranty was obtained by duress, there is a conflict in the evidence. Boegle claimed Utter threatened him, and Utter denied that he did. The judge accepted Utter's statement, and he was at liberty to do so. See Savini Constr. Co. v. A & K Earthmovers, Inc., *supra*.

---

[1]NRS 104.3307, subsection 1:

"1. Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:

"(a) The burden of establishing it is on the party claiming under the signature; but

"(b) The signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required."

3. Finally, appellants urge that they be given a new trial on the basis of newly discovered evidence. The following rather novel statement appears in the appellants' pretrial statement:

"Notice is hereby given that in the event judgment is entered in favor of the plaintiff [Utter] that leave will be requested to re-open the case at a future date due to the unavailability of a witness to whom the plaintiff allegedly bragged of how he forced the defendant BOEGLE to sign the document in question. The present whereabouts of the witness is unknown and he may very well be out of the country proper, but he maintains his residence within the State of Nevada."

Appellants claim that they have now located the witness and would appreciate a new trial so that his testimony might be heard. Appellants did not request a continuance of the trial, as provided under our Nevada Rules of Civil Procedure. Their suggestion that they be given a new trial is meritless.

The judgment of the lower court is affirmed, with costs of this appeal to be borne by appellants.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.