## LA DONNA M. FLETCHER, Appellant, v. WILLIAM C. FLETCHER, Respondent.

No. 7073

November 30, 1973                    516 P.2d 103

*Belford & O'Mara,* of Reno, for Appellant.

*William J. Raggio,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

A judgment was entered awarding respondent a divorce from appellant, granting him custody of Steven Fletcher, the minor child of the parties, and distributing to the parties their community property.

The appellant, dissatisfied with the judgment as entered, filed a motion to amend requesting that (1) she be granted the decree of divorce instead of the respondent; (2) that she be awarded the entire family residence as her sole and separate property; (3) the 1964 Dodge automobile; (4) alimony at the rate of $150 per month; (5) reasonable attorney fees; and (6) respondent be directed to pay all community debts. The trial court denied the motion to amend and this appeal follows.

NRS 125.150 dictates that a trial court determining property rights as a concommitant part of the divorce proceeding should make a disposition which is "just and equitable."[1] The appellant asserts that this mandate was circumvented by the trial court's failure to amend the judgment.

---

[1]NRS 125.150(1): "In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burden, if any, imposed upon it, for the benefit of the children."

Where a trial court, sitting without a jury, has made a determination upon the basis of conflicting evidence, that determination should not be disturbed on appeal if it is supported by substantial evidence. Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950).

Before we would reverse the trial court the record must reveal that the judgment was clearly erroneous and not based upon substantial evidence. Savini Constr. Co. v. A & K Earthmovers, 88 Nev. 5, 492 P.2d 125 (1972); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970).

Moreover, we will not interfere with a disposition of community property or a determination concerning alimony unless the trial court has abused its discretion. Shane v. Shane, 84 Nev. 20, 435 P.2d 753 (1968).

Here, the trial judge had the opportunity to hear and perceive the witnesses. He was better able to consider and balance the equities than are we relying solely on the cold record. Cunningham v. Cunningham, 61 Nev. 93, 116 P.2d 188 (1941); Winn v. Winn, 86 Nev. 18, 467 P.2d 601 (1970).

There is substantial evidence in this record to support the granting of the divorce to respondent and awarding him custody of the minor child.

A district judge is not required to make an exactly equal division of the community property. Fox v. Fox, 81 Nev. 186, 401 P.2d 53 (1965); Winn v. Winn, supra. Upon the limited evidence presented to him in this case, he made a just and equitable disposition of the property. NRS 125.150.

A district court is authorized to allow reasonable attorney fees in an action for divorce if attorney fees are in issue under the pleadings. Here appellant, in her counterclaim, requested that respondent be required to pay reasonable attorney fees incurred by her. That request was put in issue by respondent's denial in his reply to the counterclaim. NRS 125.150(2).

Although a wife is no longer required to show necessitous circumstances to support an award of attorney fees (Sargeant

v. Sargeant, 88 Nev. 223, 495 P.2d 618 (1972)) such an award is neither automatic nor compulsory, but within the sound discretion of the trial court. There was not a shred of evidence introduced into the record to support appellant's request. There was no error in the trial court's refusal to amend its judgment to allow appellant attorney fees.

The appellant further argues that the trial court erred in setting over to respondent all interest in his public employee's retirement fund. NRS 286.010 et. seq. However, appellant in her motion to amend requested that respondent be awarded "all interest in his public employee's retirement fund." As to this issue the appellant is not a party aggrieved within NRCP 72(a) (now NRAP 3A(a)).

The order of the district court denying the appellant's motion to amend the judgment is affirmed.