BOB CLEVELAND, AKA BOB L. CLEVELAND: DOROTHY CLEVELAND: DON BIRD AND ROE CORPORATIONS, APPELLANTS, *v.* MORRIS HOPPER AND ALICE HOPPER, RESPONDENTS.

No. 7261

March 29, 1974                    520 P.2d 614

*Embry & Shaner,* of Las Vegas, for Appellant Don Bird.

*Raymond E. Sutton,* of Las Vegas, for Appellants Bob and Dorothy Cleveland.

*Pursel & Pursel, Ltd.,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In March of 1967, respondent Morris and Alice Hopper entered into a partnership arrangement with Bob and Dorothy Cleveland, known as M & B Charcoal Company. To secure their capital contribution to the partnership, respondents delivered title to a 1960 International diesel truck to Bob Cleveland, who thereafter pledged the vehicle to Bird as security for a personal loan. When Cleveland defaulted, Bird sold the truck in satisfaction of the debt.

The lower court found that the pledge was made without the knowledge or consent of the respondents and was not in furtherance of the partnership business. The court further found that appellant Bird knew that the truck was an asset of the partnership and that the title to the truck was vested in the Hoppers.

The trial court awarded damages to the respondents for conversion of their truck including consequential damages for loss of business. The principal ground for the decision is that Bob Cleveland was without authority to pledge the truck as security for a loan and that Bird was without ground to believe that Cleveland had such authority.

NRS 87.090(2) provides that "an act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners." The lower court concluded as a matter of law that ". . . no title or interest as against Plaintiffs was conveyed by the said pledge." NRS 87.090 (3)(a).[1] There has been no showing by the appellant that the judgment of the trial court was clearly erroneous or that it was

---

[1]NRS 87.090(3)  Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

(a) Assign the partnership property in trust for creditors or on the assignee's promise to pay the debts of the partnership. . . .

not based upon substantial evidence. B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972).

Even assuming that the truck was a partnership asset which could be pledged, the lower court held that Bird's purported security interest was ineffectual under the Uniform Commercial Code as adopted in Nevada. We are unable to decide whether the appellant held a valid security interest under the facts of this case because this court has not been favored with a transcript of the proceedings in the district court, nor has the appellant submitted a settled and approved statement of the evidence or proceedings. Turner v. Staggs, 89 Nev. 230, 510 P.2d 879 (1973); NRAP 10(c)(e).

Respondents are allowed their costs on appeal and attorney fees in the amount of $300.00. NRAP 38(b).

Affirmed.