JOHN H. KOCKOS, Appellant, *v*. BANK OF NEVADA,
a Nevada Banking Corporation, as Administrator
With the Will Annexed of the ESTATE OF ROB-
ERT F. IVERSEN, Deceased, Respondent.

No. 6926

April 4, 1974

520 P.2d 1359

*Louis I. Mallette,* of San Francisco, California, and *Alan B. Andrews,* of Las Vegas, for Appellant.

*Coulthard, Smith & O'Brien,* of Las Vegas, for Respondent.

## OPINION

By the Court, Batjer, J.:

On August 16, 1966, Robert F. Iversen and Margaret Iversen, husband and wife, entered into a contract with Pioneer

Mortgage Bankers, a Nevada Corporation, hereinafter referred to as Pioneer, agreeing to sell to that corporation certain real property located at 711 Campbell Drive, Las Vegas, Clark County, Nevada, for the sum of $130,000. Pioneer made no down payment and the total indebtedness was to have been evidenced by three promissory notes secured by a deed of trust. On that same date Iversen and his wife executed a grant deed conveying the property to Pioneer, and on August 17, 1966, the deed and agreement were both recorded in the official records of Clark County, Nevada.

On November 4, 1966, appellant commenced an action against Pioneer Mortgage Bankers, a Nevada corporation, Frontier Escrow [Company], and others, to collect $20,000 on certain delinquent promissory notes, together with costs and attorney fees, and to set aside several conveyances including a deed from Pioneer to Frontier, dated August 29, 1966, and recorded as Document No. 596010 in Book 742 of Official Records in the office of the County Recorder of Clark County, Nevada.[1] The appellant simultaneously recorded a *lis pendens* against all real property owned by Pioneer at that time. On September 23, 1971, appellant amended his complaint, seeking to collect $80,701.50, together with costs and attorney fees, and filed an amended *lis pendens*. On October 29, 1971, he recorded in the official records of Clark County, Nevada, a default judgment against Pioneer in the sum of $80,701.50, together with costs in the sum of $52.80, and attorney fees in the sum of $10,000. NRS 17.150(2).[2]

---

[1]On August 29, 1966, Pioneer Bankers Mortgage conveyed the subject parcel to Frontier Escrow Company, even though Frontier's corporate charter had been revoked in 1964 by the Secretary of State of Nevada, for failure to file the required list of officers. In the default judgment entered on October 29, 1971, in favor of John H. Kockos and against Pioneer, the Honorable Carl J. Christensen, District Judge, ordered that the deed from Pioneer to Frontier "be set aside and held for naught." In the decree entered on December 17, 1971, in favor of the respondent and against Pioneer and Frontier, the Honorable Joseph S. Pavlikowski, District Judge, found that Frontier was "not a purchaser, either in good faith or for value received" and ordered the same deed set aside and held for naught.

[2]NRS 17.150(2), reads in pertinent part: "A transcript of the original docket or an abstract or copy of any judgment or decree of a district court of the State of Nevada or the District Court or other court of the United States in and for the District of Nevada, the enforcement of which has not been stayed on appeal, certified by the clerk of the county where the judgment or decree was rendered, may be recorded in the office of the county recorder in any county, and when so recorded it shall become a lien upon all the real property of the judgment debtor not exempt from execution in such county, owned by him at the time, or which he may afterward acquire, until the lien expires. . . ."

On January 28, 1970, several months before appellant recorded his judgment, respondent commenced its action to quiet title to the subject property, and at that time recorded its *lis pendens*. Although appellant, who was named as one of several defendants, answered, two of the other defendants, Pioneer and Frontier, defaulted, and on December 17, 1971, a decree quieting title in respondent was entered against them. Before entering the judgment [decree], the Honorable Joseph S. Pavlikowski, District Judge, heard testimony, received evidence, found there had been a total failure of consideration, and therefore decreed that Pioneer had no valid title or interest in the property.

Appellant received no notice to appear at that hearing, however, on January 24, 1972, a trial was held before the Honorable John F. Mendoza, District Judge, to determine appellant's rights and interest, if any, in the subject property. At that trial appellant offered no evidence and indicated that he would rely solely upon the recorded deed from Robert F. Iversen and Margaret Iversen to Pioneer Mortgage Bankers, and the rights and interest arising from his judgment recorded on October 29, 1971.

Respondent, on the other hand, introduced evidence that the three promissory notes were not in existence, and a Lee Potter testified on behalf of the respondent that a Mr. Jongeward, who was one of the multiple defendants, had admitted to him that Pioneer had paid nothing on their obligation to Robert F. Iversen.

Judge Mendoza concluded that appellant's lienee,[3] Pioneer, never acquired any interest in the subject property, and as a result the appellant had no valid claim.

A judgment [decree] was entered declaring the respondent, as a legal representative of Robert F. Iversen, deceased, to be the "true and lawful owner of the land" and its title was quieted against "all claims, demands or pretensions" of the appellant.

This appeal is taken not only from that judgment, but also from the judgment [decree] entered in the district court on December 17, 1971, in favor of the respondent and against Pioneer and Frontier.

1. The record contains no evidence to show that appellant was ever served with a notice of entry of judgment [decree]

---

[3]In Zubieta v. Tarner, 76 Nev. 243, 351 P.2d 982 (1960), this court said: "That they [personal property and water taxes] became a lien upon all of appellant's real property amounts to nothing more than providing a better and surer method of collection."

against Pioneer and Frontier. Although his right to file and serve a notice of appeal on March 3, 1972, had not been extinguished, it is not clear whether he was an aggrieved party with standing to appeal. NRAP 4(a), formerly NRCP 73(a). However, we need not decide that question because he has not furnished this court with a transcript of the proceeding, or a statement of the proceeding, as authorized by NRAP 10(c), formerly NRCP 75(n). "When evidence on which a district court's judgment rests is not properly included in the record on appeal, it is assumed that the record supports the lower court's findings." City of Las Vegas v. Bolden, 89 Nev. 526, 516 P.2d 110 (1973).

Thus, even if appellant be conceded standing to appeal the judgment against Pioneer, lack of a trial record precludes our consideration of the issues appellant seeks to raise. Turner v. Staggs, 89 Nev. 230, 510 P.2d 879 (1973).

2. When trial was held on January 24, 1972, before the Honorable John F. Mendoza, District Judge, the respondent introduced evidence to show failure of consideration in the transaction between Pioneer and the Iversens. The appellant offered no evidence. He did not place into the record any evidence of the recorded deed from the Iversens to Pioneer, or his recorded judgment against Pioneer, upon which he relies. Those items of evidence are only inferentially in the record through evidence introduced by the respondent. Judge Mendoza, in finding that the appellant's claim was of no force and effect, indicated that he agreed with Judge Pavlikowski, who had previously determined that there had been a total failure of consideration and had ruled that Pioneer had no valid title or interest in the property.

Where a question of fact has been determined by the trial court, this court will not reverse unless the judgment is clearly erroneous and not based on substantial evidence. Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973); B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972); Savini Constr. Co. v. A. & K. Earthmovers, Inc., 88 Nev. 5, 7, 492 P.2d 125, 126 (1972); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969).

The judgment [decree quieting title] entered in the district court on February 3, 1972, in favor of the respondent and

against the appellant is supported by substantial evidence which stands unrefuted.

Judge Mendoza further found that because the default judgment entered on October 29, 1971, in favor of the appellant and against Pioneer, was limited to Pioneer's interest in the subject property that appellant acquired no rights, title or interest therein. This conclusion is supported in NRS 17.150(2), which allows: ". . . [A] lien upon all real property of the judgment debtor not exempt from execution in such county, owned by him at the time [of recordation]. . . ." Pioneer never acquired a valid interest in the subject property, therefore it did not own the property at the time appellant's judgment against Pioneer was recorded.

The judgment entered in this case by the district court on February 3, 1972, is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.