ALFRED TAMAGNI AND DOLORES ANN TAMAGNI, HIS WIFE, APPELLANTS, *v.* ALBERT TAMAGNI, RESPONDENT.

No. 8486

April 7, 1977                                562 P.2d 481

*Peter A. Perry,* Reno, for Appellants.

*Diehl, Recanzone & Evans,* Fallon, for Respondent.

## OPINION

*Per Curiam:*

On February 22, 1967, respondent and his wife borrowed $15,000 from the Yerington branch of the First National Bank

of Nevada. The loan was secured by two passbook savings accounts owned by them. The money was then loaned to appellants, the son and daughter-in-law of respondent, and appellants executed and delivered to respondent a non-interest bearing note for said amount. The money was used to purchase a beauty salon business in Reno which appellants subsequently sold.

Appellants made fifteen payments, in varying amounts, between September, 1969, and May, 1972, reducing the principal balance to $12,535. In September, 1975, the trial judge, sitting without a jury, granted respondent a judgment for the remaining balance on the note, attorneys' fees, and costs.

Appellants contend that liability on the promissory note was forgiven by respondent's wife before her death, and that after his wife's death respondent forgave the note in exchange for a quitclaim deed, from appellants, to certain real property held by respondent and his deceased wife as community property.

The trial court determined that respondent's wife had not forgiven the note. Four checks were received by respondent after his wife's death. Respondent considered the checks to be payments on the note and listed them on the back of the note in the same manner as other payments had been listed. The evidence supports the finding that these payments were to be charged against the balance of the note and that respondent's wife had not forgiven the note.

It was also established that respondent had not forgiven the note in return for the quitclaim deed. The judge determined that some of the payments were made after respondent obtained the deed. Furthermore, the property in question was held as community property, respondent's wife died intestate, and as a matter of law the property passed to respondent.[1]

Where a trial court, sitting without a jury, makes a determination upon conflicting evidence, that determination will

---

[1]NRS 123.250: "1. Upon the death of either husband or wife:

"(a) An undivided one-half interest in the community property is the property of the surviving spouse and his or her sole separate property.

"(b) The remaining interest is subject to the testamentary disposition of the decedent, in the absence thereof goes to the surviving spouse, and is the only portion subject to administration under the provisions of Title 12 of NRS."

not be disturbed on appeal if it is supported by substantial evidence. County of Clark v. Lucas, 91 Nev. 263, 534 P.2d 499 (1975); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973).

The findings of the trial court in this case are supported by substantial evidence.

Affirmed.