SUSAN D. LEVY, APPELLANT AND CROSS-RESPONDENT, *v.* LOUIS A. LEVY, RESPONDENT AND CROSS-APPELLANT.

No. 10896

December 29, 1980                                        620 P.2d 860

*John W. Hawkins,* Reno, for Appellant and Cross-Respondent.

*C. Frederick Pinkerton,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

The district court granted a divorce and declared the parties' divorce settlement agreement to be valid. Susan D. Levy, defendant below, is now the appellant and cross-respondent. Louis A. Levy, plaintiff below, is respondent and cross-appellant.

Susan challenges trial court findings that (1) no condonation or forgiveness of the cause for divorce occurred in the period September 3, 1976, to May 24, 1977; (2) the parties' settlement agreement is valid; and (3) under the agreement's terms, she is not entitled to a one-half interest in a property known as the Owl Motel. Susan also appeals the court's denial of her motion for attorney's fees. Louis appeals the trial court's ruling that, under the agreement's terms, Susan is entitled to a one-half interest in properties known as the Rancho Reno Motel and the Duplex. In all respects, we affirm the district court.

The parties married in February, 1968, and separated in April, 1976. Louis filed for a divorce on grounds of incompatibility on May 12, 1976. Trial was set for September 10, 1976, but approximately one week before that date, the parties decided to attempt a reconciliation. Thus, the trial date was vacated; however, the divorce action was not withdrawn.

Through their respective attorneys, the parties had been negotiating a settlement agreement to dispose of their property, to fix support obligations, and to resolve custody matters concerning their four children. These negotiations continued and, about September 24, 1976, the parties reached a meeting of the minds. Louis signed the settlement agreement on that date; Susan signed it in her attorney's office on October 1, 1976. Subsequently, Louis left Susan for a second time, and on July 7, 1977, filed a supplemental complaint alleging, *inter alia,* that the parties "had entered into a written agreement providing for the custody of their minor children, support of defendant and children, and division of the community property and community obligations." As an affirmative defense, Susan's answer

raised contentions that, subsequent to the initial complaint, she and Louis had resolved their difficulties, that on or about October 15, 1976, they had resumed living together, and that their settlement agreement had thus been set aside through condonation. Following a trial, the district court granted a divorce, as indicated above.

1. In the instant matter, there is substantial evidence in the record to support the trial court's findings that "there was no condonation," and that "each party freely, voluntarily and without fraud, coercion or duress entered into the agreement upon the advice of their respective legal counsel." Because these findings by the trial court are not clearly erroneous but are based instead on substantial evidence, they will not be disturbed on appeal. Fletcher v. Fletcher, 89 Nev. 540, 542, 516 P.2d 103 (1973); Savini Constr. Co. v. A. & K. Earthmovers, 88 Nev. 5, 7, 492 P.2d 125 (1972).

2. At the trial, Susan's sole claim was that the settlement agreement was invalid because a reconciliation had occurred. Her post-trial motions only concerned her claim for attorney fees and the contention that by the terms of the settlement agreement she should have been awarded a share in the Rancho Reno Motel and the Duplex. On appeal, she has proffered several other claims neither raised in nor considered by the district court. A point not urged in the trial court, unless it goes to the jurisdiction of the court, will be deemed waived and need not be considered on appeal. Britz v. Consolidated Casinos Corp., 87 Nev. 441, 447, 488 P.2d 911 (1971); e.g. Hill v. Summa Corporation, 90 Nev. 79, 82, 518 P.2d 1094 (1974); accord Tupper v. Kroc, 88 Nev. 146, 150, 494 P.2d 1275 (1972).

3. The trial court's decision as to the Owl Motel, i.e., that it is Louis's separate property, is in accord with Paragraph V(1) of the parties' settlement agreement, as augmented by NRS 111.010 and NRS 111.160.

4. The trial court's decision as to the Rancho Reno Motel and the Duplex, i.e., that each party was entitled to an undivided separate interest in each parcel, was not contrary to the requirements of Paragraph IX of the settlement agreement. Evidence was presented to show that both Louis and Susan participated in acquiring these parcels, and that both properties were acquired in joint tenancy. The trial court concluded that, "[t]here was no evidence that the property acquired in joint tenancy was to be the separate property of the husband." Our

review of the record convinces us that the trial court was correct. Hence, its ruling was not erroneous, and should not be disturbed on appeal. *Fletcher,* cited above; *Savini Constr. Co.,* cited above.

5.  NRS 125.150(3) provides that, "[w]hether or not application for suit money has been made under the provisions of NRS 125.040, the court may award a reasonable attorney's fee to either party to an action for divorce if those fees are in issue under the pleadings." The award of attorney's fees in divorce actions is made neither automatic nor compulsory by this provision, but is within the sound discretion of the trial court. *Fletcher,* cited above, at 543.

Affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and Batjer, JJ., and BABCOCK, D. J.,[1] concur.