AMERICAN FIDELITY FIRE INSURANCE COMPANY, a New York Corporation, Appellant, *v.* ARNOLD ADAMS, Respondent.

No. 11676

March 19, 1981                                625 P.2d 88

*Joseph J. Van Walraven,* Reno, for Appellant.

*Allison, Brunetti, MacKenzie & Taylor,* and *James Todd Russell,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant American Fidelity Fire Insurance Company sued respondent Adams, seeking a declaratory judgment as to a homeowners insurance policy. The district court consolidated American's action for trial with a third party complaint which Adams had filed against American in litigation arising from a dune buggy accident. The judgment favored Adams, and this appeal poses two questions. First, did the district court err in deciding that Adams' homeowners policy provided coverage against liability arising from use of the dune buggy? Second, did the court err in deciding that Adams had provided American timely notice following the accident?

1. The policy excludes coverage for "any liability arising from an occurrence resulting from the ownership, maintenance, operation or use . . . of an automobile." However, the policy also declares the term "automobile" does not include "any crawler or farmtype tractor, farm implement *or if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.*" (Emphasis added.) The district court found that Adams' dune buggy was not subject to motor vehicle registration, and was designed for use principally off roads. Hence, concluding that the homeowners' policy was ambiguous and should therefore be construed in Adams' favor, the district court held the policy protected Adams. We agree.

The court's factual determination concerning the dune buggy's nature and design is based on substantial evidence, and therefore will not be disturbed on appeal. NRCP 52; Fletcher v. Fletcher, 89 Nev. 540, 542, 516 P.2d 103 (1973); Savini Const. Co. v. A & K Earthmovers, 88 Nev. 5, 7, 492 P.2d 125 (1972). Furthermore, the court did not err in concluding that where policy provisions are susceptible of different interpretations, doubts must be resolved against the insurer. *See* Home Indem. Co. v. Desert Palace, Inc., 86 Nev. 234, 236, 468 P.2d 19 (1970); Catania v. State Farm Life Ins. Co., 95 Nev. 532, 534, 598 P.2d 631 (1979).

2.  The policy provided that, "[w]hen an occurrence takes place, written notice shall be given by or on behalf of the Insured to this company or any of its authorized agents *as-soon as practicable*." (Emphasis added.) We think clauses in insurance policies calling for notice of a liability creating event "as soon as practicable" or "promptly" or "within a reasonable time" all essentially mean the same thing.

> . . . [S]uch clauses do not require instantaneous notice of an accident, but rather call for notice within *a reasonable length of time* under all the facts and circumstances of each particular case. 8 J. Appleman, Insurance Law and Practice § 4734 (2d ed.); 13 G. Couch, Cyclopedia of Insurance Law § 49.39-49.48 (2d ed.)

Certified Indemnity Company v. Thun, 439 P.2d 28, 30 (Colo. 1968) (emphasis in the original).

Here, Adams first gave notice of the occurrence to American approximately seven months after the incident occurred. The district court found that Adams' delay in notifying American was due to his good faith belief that no action would be filed against him. Accordingly, the district court held the notice, when given, met requirements of the policy. Here again, the court's findings are supported by substantial evidence, and therefore will not be disturbed on appeal.

Affirmed.