WILMA JEAN HYBARGER, Appellant, v. DAVID CROCKET HYBARGER, Respondent.

No. 16303

May 29, 1987                         737 P.2d 889

*Beasley, Hamilton & Holden,* Reno, for Appellant.

*Ronald J. Logar* and *Gary L. Manson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal raises issues relative to the correct computation of the parties' community property interest in a business owned by the husband prior to marriage. Although the court below used an appropriate method of valuation, we find that the court erred in determining the amount of the husband's initial capital investment in his business and in failing to deduct from the value of the husband's separate property interest amounts withdrawn from the business as the husband's separate property. We therefore reverse and remand for recalculation of the community property interest in the business.

### *INTRODUCTION*

David and Wilma Hybarger were married on June 16, 1972. Each party had substantial separate property interests at the time of marriage. The parties each had children from prior marriages. The parties commenced an action for divorce in January of 1984. The character and value of much of the property owned by the parties was established by agreement. The remainder was apportioned by the district court. The appellant, Wilma Hybarger, contends that the court erred in (1) misapprehending the amount of David Hybarger's initial (separate property) investment into Hybarger and Son Drywall; (2) failing to reduce the amount of David's separate property interest in Hybarger and Son Drywall

by the amount withdrawn by David from the business for the purchase of certain ranch property in Fallon, Nevada; and (3) refusing to award attorneys' fees to Wilma Hybarger in lieu of reimbursing the community for David Hybarger's expenditures of community property income during the parties' separation.

## INITIAL CAPITAL CONTRIBUTION

The major issue in dispute concerns the extent of the community interest in Hybarger and Son Drywall. The court determined that, since the value of the business resulted from a combination of David's initial capital contribution of separate property and David's efforts during the marriage, the value of the respective separate and community property interests was fairly determinable under the "Pereira" formula.[1] This method of valuation provides that the court should determine the value of the separate property contribution, plus a "fair return" on the separate property investment, in order to ascertain the total separate property interest in the asset. The parties do not dispute the propriety of the district court's use of the *Pereira* formula in this case, and do not challenge the method of calculating a "fair return" on David's capital investment.[2]

The partnership in question, Hybarger and Son Drywall, was created on January 1, 1976. Prior to that time, David Hybarger owned a sole proprietorship engaged in the drywall and painting business. In order to finance the partnership, David contributed the capital of the sole proprietorship, being the amount of $31,490. David took an 80% interest in the capital, profit and loss of the business, and David's son, Gordon, took a 20% interest in the capital, profit and loss of the business. Thus, David's initial capital contribution in the partnership was $25,192. The district court, in calculating the amount of David's separate property interest in the partnership, erroneously failed to take into account the undisputed fact that 20% of the capital contribution was allocated to Gordon Hybarger. The *Pereira* formula should therefore be recalculated by the trial court, using 80%, rather than 100%, of the $31,490 figure as the amount of David's initial separate property capital contribution.

---

[1]Pereira v. Pereira, 103 P. 488 (Cal. 1909). This method is, in most cases, the preferred method for apportionment of community and separate property interests in Nevada. Cord v. Neuhoff, 94 Nev. 21, 573 P.2d 1170 (1978).

[2]Wilma Hybarger has suggested that the fact that David's capital account in the business showed a negative value in 1978 mandates a finding that David's separate property interest in the business was extinguished on that date. The trial court, relying on expert testimony, rejected this contention. We find no error in this holding.

## PURCHASE OF FALLON RANCH

In 1982 the parties agreed to purchase a ranch in Fallon, Nevada. It was agreed that the down payment of $100,452.90 would be made from equal contributions of separate property funds by each of the parties. Wilma Hybarger withdrew $50,226.45 from an account containing her separate property funds. David Hybarger withdrew $50,226.45 from his capital account in Hybarger and Son Drywall. The ranch was purchased as a community property asset. Wilma subsequently argued that, since the amount of David's contribution to the purchase of the ranch was community property, she was entitled to a 75% interest in the ranch. The trial court found (and David has maintained) that the money withdrawn from Hybarger and Son Drywall for the purchase of the ranch was David's separate property, in accordance with the agreement and understanding of the parties. The court did not err in making this initial determination, and therefore did not err in finding Wilma's interest in the ranch to be 50%. However, having determined that David withdrew over fifty thousand dollars in *separate property* from Hybarger and Son Drywall, the court did commit error in failing to reduce the amount of David's remaining separate property interest in the business by the amount withdrawn as separate funds. For purposes of determining David's separate property interest in Hybarger and Son Drywall under *Pereira*, it is necessary to subtract from the value of the separate property investment the amount of *separate property* withdrawn.[3] Thus, the *Pereira* calculations should be adjusted by the trial court by subtracting from David's separate property interest the sum of $50,226.45 in the year 1982.[4]

## EXPENDITURES FOLLOWING SEPARATION

The parties separated in August of 1983. During the time the parties were separated, David continued to withdraw monies from Hybarger and Son Drywall. Wilma contends that, since these funds belonged to the community, she is entitled to attor-

---

[3]The district court did not err in determining that the community was not entitled to reimbursement for other sums withdrawn by David from the business during the marriage. The record supports the finding that this money was contributed to the community. There was testimony that the proceeds of the business were used to support the community, as well as to improve the separate property (the Penbrook residence) of Wilma and to pay Wilma's entire federal income tax liability during the early years of the marriage.

[4]To the extent that the amount of the separate property withdrawn from the business might exceed David's separate property interest existing in the business on that date, Wilma may be entitled to seek recovery, on behalf of the community, of the excess amount withdrawn.

neys' fees and costs in order to offset David's post-separation expenditures.[5] The testimony cited by Wilma reveals that the monies in question were used for (1) improvements to David's place of residence, which he did not own; (2) groceries and household expenses; and (3) payments on the Fallon ranch, a community property asset. The district court could have found these expenditures to be of a community nature, since they either contributed to the housing and other living expenses of the husband (who had previously resided in the separate property residence of the wife), or constituted contributions to a community asset. Nothing in the record suggests an absolute entitlement on the part of the wife to any portion of those funds. The district court apparently took into account the post-separation earnings and expenses of both spouses in determining that neither party was entitled to reimbursement for expenditures during that period. Further, it is well established that the decision whether to award attorneys' fees to either party lies within the sound discretion of the trial court. *See, e.g.,* Levy v. Levy, 96 Nev. 902, 620 P.2d 860 (1980). The court's decision, based on the fact that each of the parties held substantial separate property, was clearly a proper exercise of its discretion.

## CONCLUSION

For the reasons stated above, the case is remanded for recomputation of the amount of the community interest in Hybarger and Son Drywall. In all other respects the decision of the trial court is affirmed.

---

[5]Except as provided by statute (*see* NRS 123.220), separation of the parties does not dissolve the community, and does not alter the character of the parties' income during the period of separation. Forrest v. Forrest, 99 Nev. 602, 668 P.2d 275 (1983).