JOHN P. KEENER, Appellant, *v.* CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, Respondent.

No. 21178

July 12, 1991                                814 P.2d 87

*Leavitt and Leavitt,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment. On September 20, 1987, appellant John P. Keener was operating a Honda all terrain vehicle on a dry lake bed south of Railroad Pass, Nevada. Keener collided with a dune buggy operated by Brad Yeager and suffered extensive injuries to his right leg. The dune buggy was built by Yeager and was strictly an off-road vehicle. It was never licensed or registered and was not legal for highway use. Yeager did not carry liability insurance. Keener submitted a claim for the accident under his uninsured motorist policy with respondent California State Automobile Association Inter-Insurance Bureau (CSAA). CSAA denied coverage, stating that under an exclusion clause Yeager's dune buggy was not an uninsured vehicle covered by Keener's insurance policy. Keener filed a complaint in the district court against Yeager and CSAA for personal injuries he received in the accident. Keener's claims against Yeager were dismissed without prejudice. On December 6, 1989, Keener filed a motion for partial summary judgment addressing the coverage issue. CSAA responded with its own

motion for summary judgment. On March 20, 1990, the district court entered findings of fact, conclusions of law and a judgment in favor of CSAA. This appeal followed.

Keener's uninsured motorist policy contained the following exclusion: "'Uninsured motor vehicle,' however, does not mean a vehicle . . . which is a farm type tractor or any equipment designed for use principally off public roads, except while actually on public roads." Keener contends that the district court erred in finding that this provision in the policy unambiguously excluded the dune buggy from coverage. We agree.

Insurance policy clauses should be understood in their plain, ordinary and popular sense. Catania v. State Farm Life Ins. Co., 95 Nev. 532, 534, 598 P.2d 631, 633 (1979). It is not clear whether the term "equipment" in the exclusion encompasses off-road recreational vehicles such as a dune buggy or applies only to farm machinery. See American Fidelity Fire Ins. v. Adams, 97 Nev. 106, 107, 625 P.2d 88, 89 (1981); Thompson v. Gov't Emp. Ins. Co., 592 P.2d 1284 (Ariz.App. 1979). Where, as here, an insurance policy is subject to more than one interpretation, doubts must be resolved in favor of the insured. See American Fidelity Fire Ins., 97 Nev. at 107, 625 P.2d at 89; Catania, 95 Nev. at 534, 598 P.2d at 633.

Accordingly, we reverse the decision of the district court and remand this case for entry of partial summary judgment in favor of Keener on the issue of coverage.

SPRINGER, J., dissenting:

I respectfully disagree with the majority. I think the exclusion of "farm type" vehicles and "any equipment designed for use principally off public roads, except while actually on public roads," is very clear. Equipment ("machinery," "apparatus," see Webster's Collegiate Thesaurus 293 (1976)) such as bulldozers, most racing cars, toy cars, all-terrain vehicles (ATV's), monster trucks and certainly dune buggies are "designed for use principally off public roads." Under the policy language, unless they are "actually on public roads," they are excluded—clearly so.