JACK C. SENGBUSCH, APPELLANT, v. DIANE FULLER, AND HAROLD FULLER, HUSBAND AND WIFE, DOING BUSINESS AS CAVE ROCK COURT, RESPONDENTS.

No. 17924

December 22, 1987                                    747 P.2d 240

*David G. Pumphrey,* Minden, for Appellant.

*Manoukian, Scarpello & Alling* and *John P. Springgate,* Zephyr Cove, for Respondents.

## OPINION

*Per Curiam:*

Appellant Jack C. Sengbusch leased a space for his mobile home at the Cave Rock Court Mobile Home Park at Lake Tahoe in Douglas County, Nevada, under a monthly tenancy agreement entered into on October 1, 1984. Cave Rock was owned and operated by respondents Diane and Harold Fuller. Following some disagreements with Sengbusch, the Fullers delivered to him a document dated June 19, 1985, and entitled "Notice to Terminate Tenancy," demanding he leave the park by July 20, 1985. Sengbusch moved his mobile home from the park on June 29, 1985. He brought an action against the Fullers on November 1, 1985.

The case proceeded to trial solely upon the issue of whether Sengbusch should be awarded damages under NRS Chapter 118B, the Nevada statute dealing with mobile home parks. In a judgment dated December 2, 1986, the jury found that Sengbusch's tenancy had been wrongfully terminated and awarded him $113.33 plus interest.

The jury instruction on damages quoted NRS 118B.230, which reads as follows:

> If a landlord unlawfully terminates a tenancy, the tenant may recover not more than 6 months' periodic rent or actual damages for the injury or loss sustained by him, whichever is greater.

We reject Sengbusch's arguments that the word "may" in this statute should be construed as mandatory and that tenants are

entitled to an award of at least six months' periodic rent under the statute. "May" is to be construed as permissive, unless the clear intent of the legislature is to the contrary. *See* Givens v. State, 99 Nev. 50, 54, 657 P.2d 97, 100 (1983); Thomas v. State, 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972); Ewing v. Fahey, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970). "May" is defined as permissive in Nevada Supreme Court Rule 2(9) and Nevada District Court Rule 2(6). Furthermore, it is clear that NRS 118B.230 provides for a maximum but not for a minimum penalty. We see no error in the jury's interpretation of the statute.

Sengbusch also argues that the jury award is too small in view of his moving expenses and other costs. This court will not reverse a trial court's determination of fact unless it is clearly erroneous or not based on substantial evidence. Kockos v. Bank of Nevada, 90 Nev. 140, 143, 520 P.2d 1359, 1360-61 (1974). Since the trial transcript is not in the record, we must assume the evidence supports the lower court's findings. *Id.* at 1361. Accordingly, the district court's judgment is affirmed.