KATIE T. ALLYN, Appellant, *v.* SHARON
McDONALD, Respondent.

No. 26616

January 31, 1996                    910 P.2d 263

*Carlye Christianson,* San Diego, California; *William O'Mara,*
Reno, for Appellant.

*Michael A. Iglesias,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Katie Allyn brought suit against her attorney, respondent Sharon McDonald, for professional malpractice and breach of promise due to McDonald's alleged failure to timely file a personal injury claim on her behalf (Count I) and for McDonald's breach of the duty of care in her earlier representation of Allyn in a divorce proceeding (Count II). The district court granted McDonald's motion for summary judgment on the grounds that (1) Allyn failed to present expert testimony to prove McDonald's breach of the attorney's standard of care by failing to timely file the personal injury claim, (2) no genuine issue of material fact existed as to whether McDonald had actually informed Allyn that she would not file the personal injury action, and (3) Allyn had waived prosecution of Count II.

We conclude that the district court's order granting McDonald's motion for summary judgment was erroneous as to Count I but proper as to Count II.

### FACTS

In April 1988, after approximately ten years of an alleged physically and psychologically abusive marriage, Allyn left her marital home and moved to San Diego, California to live with a friend and his wife. Allyn's husband filed for divorce in July 1988, and Allyn retained John Giomi, the friend that she was living with in San Diego, to represent her in the divorce action. Allyn replaced Giomi in January 1989 with an attorney from Carson City, Nevada, and then replaced that attorney with Sharon McDonald in June 1989. McDonald represented Allyn from June 1989 through November 1990, the date the final decree of divorce was entered.

During their initial meeting in June 1989, Allyn and McDonald discussed the potential of filing a personal injury claim against Allyn's husband based on the physical, emotional, and sexual abuse that Allyn had suffered at his hands. In a letter written after

the initial meeting, McDonald advised Allyn that she would consider the suit but that her decision to take the suit would depend on the strength of the lawsuit, the ability to fund the lawsuit, and the ability to collect on a judgment rendered in favor of Allyn.

McDonald claimed that at the end of 1989, after she had investigated the financial status of Allyn's husband, the evidence that would be presented against Allyn, and the likelihood of winning a judgment, she informed Allyn that she would not represent her in the personal injury suit. McDonald, however, never wrote a letter to Allyn to this effect, and the only evidence supporting McDonald's assertion that she informed Allyn of this decision is an affidavit signed by McDonald in 1994 and her deposition testimony.

Conversely, Allyn alleged that on several occasions McDonald stated her willingness to take on and file the personal injury suit. Specifically, during the divorce proceedings, McDonald had lunch with Allyn and others and reassured Allyn that issues that had not been addressed in the divorce proceedings would be reached during the "next case," which was apparently a reference to the personal injury case.

Allyn's personal injury claim was not filed by McDonald or any other attorney before the statute of limitations expired in April 1990. Allyn filed an amended malpractice complaint against McDonald on April 27, 1993, alleging in Count I that McDonald had committed malpractice and breach of promise by failing to file the personal injury claim before the statute of limitations had expired and in Count II that McDonald had breached the duty of care in her earlier representation of Allyn in the divorce action.

On July 7, 1994, pursuant to NRCP 26(b)(5), McDonald filed a demand for an exchange of witnesses and discovered that Allyn's list of witnesses did not include an expert who would testify as to the attorney's standard of care when filing a client's claim. Based on this information, McDonald filed a motion for summary judgment on the ground that Allyn could not prove that she had a viable cause of action. Allyn's opposition to the motion for summary judgment argued that this was not a situation which required an expert and that a layman could properly analyze whether McDonald was negligent in failing to file the action before the statute of limitations ran.

The district court granted McDonald's motion for summary judgment, concluding that an expert witness was required to prove that McDonald breached the standard of care by failing to file the personal injury claim, that no genuine issues of material fact existed as to whether McDonald informed Allyn that she

would not take on the personal injury claim, and that Allyn had waived prosecution of Count II.

## DISCUSSION

The issue of whether an expert witness is required to prove that an attorney breached the standard of care by failing to timely file a personal injury claim is one of first impression for this court.

We conclude that it was error for the district court in this case to require Allyn to employ an expert witness to establish a breach of attorney McDonald's duty of care for her failure to timely file the personal injury action. We further conclude that the findings of fact made by the district court in support of the motion for summary judgment are unpersuasive and do not support the order granting McDonald's motion for summary judgment.

Summary judgment is only appropriate when, after a review of the record viewed in the light most favorable to the non-moving party, there remain no issues of material fact. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). "In determining whether summary judgment is proper, the nonmoving party is entitled to have the evidence and all reasonable inferences accepted as true." Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989).

This court's review of a summary judgment order is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989). On appeal, this court is "required to determine whether the trial court erred in concluding that an absence of genuine issues of material fact justified its granting of summary judgment." Bird v. Casa Royale West, 97 Nev. 67, 68, 624 P.2d 17, 18 (1981).

*Professional malpractice in filing the personal injury claim (Count I)*

While expert evidence is generally required in a legal malpractice case to establish the attorney's breach of care, an exception exists in cases where the breach of care or lack thereof is so obvious that it may be determined by the court as a matter of law or is within the ordinary knowledge and experience of laymen. Wilkinson v. Rives, 172 Cal. Rptr. 254, 256 (Ct. App. 1981); Walker v. Bangs, 601 P.2d 1279, 1282 (Wash. 1979). *See generally* Michael A. DiSabatino, *Admissibility and Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney,* 14 A.L.R.4th 170 (1982).

The situation whereby an attorney has allowed the statute of limitations to run against his or her client's cause of action is an example of the sort of negligence so apparent as to make expert evidence as to the standard of care and deviation therefrom unnecessary. Little v. Matthewson, 442 S.E.2d 567, 571 (N.C. Ct. App. 1994), *aff'd,* 455 S.E.2d 160 (N.C. 1995); George v. Caton, 600 P.2d 822, 829 (N.M. Ct. App. 1979). In this case, the applicable statute of limitations was clear and unambiguous. Additionally, the accrual date of the claim was also not subject to question or interpretation. Therefore, whether the attorney was negligent in failing to file the claim before the statute of limitations expired was an issue that was within the ordinary knowledge and experience of a layman. We caution, however, that if the applicability of the statute at issue was uncertain, if significant questions regarding the accrual date of the claim existed, or if issues regarding tolling of the statute existed, the case might extend beyond the realm of ordinary experience and knowledge of the layman, thus requiring an expert witness to establish the attorney's breach of the duty of care.

The elements for a claim of legal malpractice are the existence of "an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." Semenza v. Nevada Med. Liability Ins. Co., 104 Nev. 666, 667-68, 765 P.2d 184, 185 (1988). We note that while an expert witness may be required to prove the causation issue, we need not reach that issue here.

The district court also made findings of fact which it claimed supported its order for summary judgment; however, these findings of fact are, in critical part, clearly erroneous. Most importantly, the district court resolved a material disputed fact, concluding that McDonald actually informed Allyn that she would not file the personal injury action and therefore entered the order for summary judgment in favor of McDonald. However, the record when viewed in the light most favorable to Allyn, the non-moving party, presents genuine issues of material fact on this issue. McDonald claims that she informed Allyn that she would not file the personal injury action; however, she produced no concrete evidence of such a communication. Conversely, Allyn denies that McDonald so informed her and claims that McDonald told her on several occasions that she would file the action at the conclusion of the divorce proceedings.

Because genuine issues of material fact exist as to whether or not McDonald promised Allyn that she would file the personal injury action, it was premature for the district court to decide any breach of promise issues on summary judgment.

*Professional malpractice in McDonald's handling of Allyn's divorce case (Count II)*

Count II of Allyn's amended complaint was a cause of action against McDonald for legal malpractice for her handling of Allyn's divorce case. Allyn, however, waived this cause of action in her opposition to the motion for summary judgment by stating:

> This lawsuit will not be prosecuted seeking injuries for damages caused by Ms. McDONALD's numerous failures and shortcomings during her representation of Ms. ALLYN in the domestic proceeding. Originally that theory was plead, but that theory is not being prosecuted.

Based on this language, the district court properly granted summary judgment in favor of McDonald on Count II of the complaint.

### CONCLUSION

The district court's order granting McDonald's motion for summary judgment on Count I was erroneous because an expert witness was not required and because genuine issues of material fact still existed. However, summary judgment was proper on Count II because Allyn waived prosecution of that cause of action. Accordingly, we reverse the order granting summary judgment as to Count I, affirm as to Count II, and remand this matter to the district court for further proceedings consistent with this opinion.