An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY O. GARMONG,
Appellant,

vs.

GARY R. SILVERMAN; MARY ANNE
DECARIA; MICHAEL V. KATTELMAN;
AND THE LAW FIRM OF SILVERMAN,
DECARIA & KATTELMAN,
Respondents.

No. 63404

**FILED**

OCT 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

GREGORY O. GARMONG,
Appellant,

vs.

GARY R. SILVERMAN; MARY ANNE
DECARIA; MICHAEL V. KATTELMAN;
AND THE LAW FIRM OF SILVERMAN,
DECARIA & KATTELMAN, CHTD.,
Respondents.

No. 63820

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders granting summary judgment in favor of the respondents and a post-judgment order awarding attorney fees and costs. Second Judicial District Court, Washoe County; Patrick Flanagan, Charles M. McGee, Scott N. Freeman, Judges.

Respondent attorneys Silverman, Decaria, and Kattelman and their law firm ("SDK") represented appellant Gregory Garmong in his divorce. The divorce case settled, and Garmong later sued SDK asserting fifteen claims, contending among other things that during the divorce proceedings SDK committed legal malpractice and breach of contract by failing to timely amend his divorce complaint to allege fraud and/or breach

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34162

of fiduciary duty against his estranged wife and her attorney. In addition, Garmong alleged that SDK wrongfully withheld file materials to which he was entitled.

In two separate orders, the district court granted summary judgment in the respondents' favor because Garmong did not disclose an expert witness who could attest to the professional standard of care or provide additional evidence to support his allegations, and SDK retained Garmong's documents pursuant to a valid and enforceable retaining lien. The district court also granted SDK's motion for costs and fees based on the "prevailing party" provision in the parties' retainer agreement. Garmong appeals and we affirm.

We review a district court order granting summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and an award of attorney fees and costs for an abuse of discretion. *Rodriquez v. Primadonna Co., LLC*, 125 Nev. 578, 588, 216 P.3d 793, 800 (2009).

The district court correctly held that Counts 3, 4, 5, 6, 10, 11, 12, 13, and 14 sound in legal malpractice and are not so obvious as to excuse expert witness testimony. "[E]xpert evidence is generally required in a legal malpractice case to establish the attorney's breach of care." *Allyn v. McDonald*, 112 Nev. 68, 71-72, 910 P.2d 263, 266 (1996). In *Allyn*, we recognized an exception to this general rule where a lawyer failed to file suit for a client before the statute of limitations ran out, because "the applicable statute of limitations was clear and unambiguous" and the "accrual date of the claim was also not subject to question." *Id.* at 72, 910 P.2d at 266. But the facts alleged to constitute malpractice in this case— not moving to amend the pleadings to assert fraud against the defendant

and her lawyer in a divorce proceeding as demanded by the plaintiff—are a far cry from those in *Allyn*, involving as they do professional judgment by the lawyers and an exercise of discretion by the court in allowing or disallowing amendment. *Cf. Grimm v. Fox*, 33 A.3d 205, 211, 215 (Conn. 2012) (holding that expert testimony was necessary to establish a prima facie case of legal malpractice where the attorney's alleged misconduct involved strategic decisions). Because Garmong did not oppose SDK's properly supported motion for summary judgment with expert testimony of his own, at any time during the pendency of this case, the district court correctly granted summary judgment as to those claims.[1]

---

[1]We reject Garmong's argument that the district court erred by failing to state in the pretrial order the expert disclosure deadline on which he and SDK concurred in their separate case conference report submissions. *Compare* NRCP 16 (the scheduling order *may* include "[t]he date or dates for conferences before trial, a final pretrial conference, and trial" and "[a]ny other matters appropriate in the circumstances of the case," NRCP 16(b)(4), (5)), *with Sengbusch v. Fuller*, 103 Nev. 580, 581, 747 P.2d 240, 241 (1987) ('[m]ay is to be construed as permissive"). Of note, while complaining about the preclusion, Garmong never tendered anything approaching an expert opinion, making his argument that the expert disclosure deadline prejudiced his position in the case inherently speculative. *See Muhammed v. Wadley Reg'l Med. Ctr. Found.*, 199 F.3d 440, 440 (5th Cir. 1999) (unpublished) (holding that the district court's failure to issue a scheduling order was not reversible error because the appellant "failed to demonstrate how the absence of a scheduling order may have prejudiced him"); *Jackson v. Hopkins Trucking Co.*, 3 A.3d 1097, 1097 (Del. 2010) (unpublished) (observing that the district court wrote "N/A" as a deadline for expert reports but "find[ing] no genuine issue of material fact" partially because the late expert report did not even show that a duty of care was owed).

We also affirm the district court's grant of SDK's renewed motion for summary judgment as to the balance of his claims. This order was not, as Garmong claims, "immaterial" because "a final judgment should have been rendered in [his favor]." On the contrary, after giving Garmong additional time and leave to amend his pleadings, the district court correctly held not only that Garmong failed to demonstrate that he was entitled to judgment in his favor as a matter of law, but that he also failed to adduce competent evidence to establish a genuine issue of material fact as to the legitimacy of SDK's retaining lien on his files and as to his fraud and other remaining claims. Because Garmong does not argue other bases for reversing the second summary judgment order in favor of SDK, we also affirm that order as correct. *See Campbell v. Baskin*, 69 Nev. 108, 120, 242 P.2d 290, 296 (1952) (where an issue "was not argued in briefs . . . and no authorities are cited by appellant in support of this contention," it is abandoned and does not require prolonged consideration); *see* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2713 (3d ed. 1998) ("[W]hen a court decides to dismiss an action . . . , pending motions for summary judgment against the claimant may be treated as moot and therefore not be decided."). Therefore, the district court did not err in denying Garmong's motion on the merits.

Finally, the district court did not abuse its discretion in awarding attorney fees and costs to SDK because the parties' retainer agreement states that "in the event of any lawsuit . . . arising out of our relationship as attorney and client, the prevailing party shall be entitled to collect all costs and expenses necessitated by such litigation."

For the aforementioned reasons, we affirm the orders granting summary judgment in favor of SDK, denying Garmong's motion for summary judgment, and awarding attorney fees and costs to SDK.

It is so ORDERED.

_____ , J.
Pickering

_____ J.
Parraguirre

_____ , J.
Saitta

cc:    Chief Judge, The Second Judicial District Court
Hon. Charles M. McGee, Senior Judge
Hon. Patrick Flanagan, District Judge
Hon. Scott N. Freeman, District Judge
Carl M. Hebert
Bailey Kennedy
Lemons, Grundy & Eisenberg
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A