An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGELA DECHAMBEAU AND JEAN-PAUL DECHAMBEAU, BOTH INDIVIDUALLY AND AS SPECIAL ADMINISTRATORS OF THE ESTATE OF NEIL DECHAMBEAU,
Appellants,
vs.
STEPHEN C. BALKENBUSH, ESQ.; AND THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, A NEVADA PROFESSIONAL CORPORATION,
Respondents.

No. 64463

FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a legal malpractice action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellants Angela and Jean-Paul DeChambeau sued respondents for legal malpractice, alleging in pertinent part that respondents, who represented the DeChambeaus in a medical malpractice action, breached their duty to the DeChambeaus by mismanaging the medical malpractice case and instead voluntarily dismissing the action without obtaining necessary discovery to move the case to trial.

Respondents moved for summary judgment, arguing that the DeChambeaus could not establish the elements of the underlying medical malpractice claim, namely the physician's breach of the standard of care

and causation, and that they likewise could not establish that any of the alleged negligent acts in the legal malpractice action caused the DeChambeaus damages, i.e., that if respondents had handled the medical malpractice case differently, the DeChambeaus would have prevailed in the medical malpractice case. The DeChambeaus opposed the motion, arguing that two disputed factual issues precluded summary judgment: (1) whether the defendant doctor in the medical malpractice action, David Smith, M.D., failed to timely perform a heart procedure on Neil DeChambeau, and thus breached the medical standard of care, and (2) whether respondent Stephen Balkenbush failed to identify and prosecute the medical malpractice given the weight of evidence that existed against the doctor, and thus breached the legal standard of care. The district court granted summary judgment, finding that the DeChambeaus failed to demonstrate the causation element of their cause of action, that is, whether Balkenbush's failure to engage in written discovery and move the case to trial caused any damages. This appeal followed.

A legal malpractice claim requires proof of "an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." *Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 667-68, 765 P.2d 184, 185 (1988). Proof of such a claim generally requires expert evidence to establish the attorney's breach of care and "an expert witness may be required to prove the causation issue." *Allyn v. McDonald*, 112 Nev. 68, 71, 910 P.2d 263, 266 (1996). In a medical malpractice action, medical expert testimony regarding standard of care and causation must be stated to a reasonable

degree of medical probability. *Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 158, 111 P.3d 1112, 1116 (2005).

Here, although respondents contend that the DeChambeaus' expert witness, Dr. Mark Seiffert, did not offer any testimony on causation, Dr. Seiffert opined that Dr. Smith breached the standard of care by not immediately performing a pericardiocentesis procedure following Neil's cardiac arrest, and more specifically, he testified that to a reasonable degree of medical certainty, Dr. Smith did not perform a pericardiocentesis until after the echocardiogram results were obtained, which was more than 10 minutes after the cardiac arrest. Dr. Seiffert testified that the medical records showed that an echocardiogram machine arrived about 10 minutes after Neil's cardiac arrest, his pulse was restored about 5 minutes later, and to a reasonable degree of medical certainty, the restoration of the pulse occurred immediately following the pericardiocentesis procedure, as that procedure removed the blood from the pericardial space, allowing the heart to pump again. While Dr. Seiffert did not use the word causation, there is no dispute that Neil's death was caused by an anoxic brain injury as a result of his pulse not being restored for about 15 minutes, and Dr. Seiffert opined that Dr. Smith breached the standard of care by not immediately performing the procedure necessary to restore Neil's pulse.

Although respondents also contend that the DeChambeaus' expert legal witness did not testify that Balkenbush's conduct was a proximate cause of any damages, their expert testified that there was a breach of the standard of care with regard to Balkenbush actively pursuing the case. In particular, the expert concluded that, given the

medical records indicating that Dr. Smith did not immediately perform the procedure necessary to restore Neil's pulse, Balkenbush breached his duty to the DeChambeaus in handling discovery, failing to take depositions of fact witnesses and defendants, failing to obtain a certain medical record for close to three years by subpoena or by seeking a court order while not engaging in any written discovery during that period, failing to get the case to a settlement conference, failing to communicate with expert witnesses, and failing to obtain an extension for retaining a new expert to replace an expert who changed his opinion. Without using the word causation, the expert indicated that these breaches led to the loss of a meritorious medical malpractice claim in that the medical malpractice action had sufficient issues to go to trial.

The DeChambeaus supported their arguments against summary judgment with admissible evidence, including transcripts of deposition testimony and medical records. Viewing the evidence in the light most favorable to the DeChambeaus, and drawing reasonable inferences in their favor, summary judgment should have been denied. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (providing that in reviewing a motion for summary judgment, "the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party" and recognizing that summary judgment is appropriate only when "the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains"); *Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 249, 849 P.2d 320, 322 (1993) (explaining that summary judgment is improper when "a reasonable jury could return a verdict for the nonmoving party"); *see*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Wood*, 121 Nev. at 731, 121 P.3d at 1031 (noting that the "[t]he substantive law controls which factual disputes are material" and that a "factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party"). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Patrick Flanagan, District Judge
David Wasick, Settlement Judge
Charles R. Kozak
Pollara Law Group
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A