# IN THE SUPREME COURT OF THE STATE OF NEVADA

FAITH ELIAS VAN DYKE,
INDIVIDUALLY,
Appellant,
vs.
JAMIE S. COGBURN, INDIVIDUALLY,
Respondent.

No. 80921

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting respondent summary judgment in a professional negligence action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant Faith Elias Van Dyke tripped and fell over a broken floor tile at the Los Angeles International Airport (LAX) in September 2014. About five months later, Van Dyke hired respondent Jamie S. Cogburn (a Nevada-licensed attorney) to represent her in an action against LAX and other potential defendants for injuries that she allegedly suffered from the fall. On February 4, 2015, Cogburn sent a letter of representation to LAX's risk management department notifying the government entity of Van Dyke's impending claim. Two weeks later, Los Angeles World Airports (LAWA), LAX's parent entity, responded to Cogburn's letter with a set of empty claim forms and instructed Van Dyke to complete and return the forms to the city clerk's office before the six-month deadline provided under California Government Code Section 911.2(a) (West Supp. 2021) (California's notice-of-claims statute). But Cogburn failed to file the forms ahead of the deadline, and Van Dyke sued alleging legal malpractice and breach of fiduciary duty.

21-36089

To establish a prima facie case for legal malpractice, a plaintiff must show that (1) an attorney-client relationship existed, (2) the attorney owed a duty to the client, (3) the attorney breached that duty, (4) the breach was the proximate cause of the client's damages, and (5) damages. *Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 667-68, 765 P.2d 184, 185 (1988). Generally, a plaintiff must produce expert testimony to establish the professional standard of care and an attorney's breach of that standard. *Boesiger v. Desert Appr., LLC*, 135 Nev. 192, 195, 444 P.3d 436, 439 (2019); *Allyn v. McDonald*, 112 Nev. 68, 71, 910 P.2d 263, 266 (1996). Van Dyke did not produce such evidence to establish the professional standard of care or Cogburn's breach of that standard in the underlying malpractice action, and the district court thus granted summary judgment in Cogburn's favor.

On appeal, Van Dyke argues that Cogburn's failure to timely submit the forms that LAWA provided him falls within an exception to the expert-testimony requirement because the "breach of care or lack thereof is so obvious that it may be determined by the court as a matter of law or is within the ordinary knowledge and experience of laymen." *Allyn*, 112 Nev. at 71-72, 910 P.2d at 266. An attorney's failure to meet the applicable statute of limitations may be within a layperson's knowledge in certain circumstances, *see id.*, but not these. LAWA's forms aside, Cogburn timely submitted a letter of representation to LAX/LAWA that included: (1) Van Dyke's name and address, with directions to send further notices to the provided address; (2) the date, time, and location of Van Dyke's fall; (3) the nature of Van Dyke's claim (i.e., personal injury); and (4) Van Dyke's intent to remit a full accounting of damages with a demand for payment once available. Inasmuch as the letter appears to have substantially complied with the form-and-content requirements of California Government Code

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Section 910 (2012)[1] within the six-month deadline provided under Section 911.2(a) ("A claim relating to a cause of action for ... injury to person ... shall be presented ... not later than six months after the accrual date of the cause of action ....."), it is not obvious that more was required under California law to preserve Van Dyke's claim against LAX/LAWA. *See, e.g., City of San Jose v. Superior Court*, 525 P.2d 701, 706-07 (Cal. 1974) (holding that a substantial-compliance standard applies to determine whether notice is sufficient under California's notice-of-claims statutes);

---

[1]Section 910 provides:

A claim shall be presented by the claimant or by a person acting on ... her behalf and shall show all of the following:

(a) The name and post office address of the claimant.

(b) The post office address to which the person presenting the claim desires notices to be sent.

(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

(d) A general description of the ... injury ... incurred so far as it may be known at the time of presentation of the claim.

(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.

(f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim ... insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

*Wheeler v. County of San Bernadino*, 143 Cal. Rptr. 295, 299 (Ct. App. 1978) (same); *cf. Green v. State Ctr. Cmty. Coll. Dist.*, 41 Cal. Rptr. 2d 140, 144-46 (Ct. App. 1995) (holding that the content of the correspondence is sufficient if it communicates a party's "assertion of a compensable claim against the entity" under threat of litigation); Michael P. Thomas, *California Civil Courtroom Handbook & Deskbook Reference* § 2:10 (2021 ed.); Judge Robert I. Weil et al., *Prelawsuit Notices, Claims and Demands, in* The Rutter Grp., *California Practice Guide: Civil Procedure Before Trial* § 1:682-83 (Supp. 2021). And summary judgment in Cogburn's favor was therefore appropriate based on the absence of necessary expert testimony. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's summary judgment decision de novo).

Summary judgment was alternatively appropriate because Van Dyke voluntarily abandoned her appeal of the California superior court's order deeming her application untimely. Cogburn appealed this order, but withdrew as Van Dyke's counsel when she initiated her first Nevada malpractice action against him. Despite Cogburn's advice to the contrary, Van Dyke never hired replacement counsel or filed an opening brief on appeal. Given that Cogburn's letter of representation appears to have substantially met the relevant requirements of California's notice-of-claims statutes, as discussed above, the California court of appeals could have corrected the California superior court's denial. Van Dyke's failure to pursue that remedy to disposition provides Cogburn with a viable defense that the proximate cause of Van Dyke's damages was not his asserted negligence. *See Hewitt v. Allen*, 118 Nev. 216, 222, 43 P.3d 345, 348 (2002) ("[T]he defendants in [a] legal malpractice action are able to assert, as an affirmative defense, that the proximate cause of the damages was not the

attorney's negligence, but judicial error that could have been corrected on appeal."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:     Hon. Gloria Sturman, District Judge
        Salvatore C. Gugino, Settlement Judge
        Muehlbauer Law Office, Ltd.
        Lipson Neilson P.C.
        Eighth District Court Clerk